Argued and submitted January 16, remanded with instructions
to dismiss June 15, reconsideration denied July 23,
petition for review denied September 22, 1981 (291 Or 662)

# STATE ACCIDENT INSURANCE FUND CORPORATION,

*Petitioner,*

*v.*

# BROADWAY CAB COMPANY,

*Respondent.*

(WCB No. 79-1978, CA 18461)

629 P2d 829

Darrell E. Bewley, Appellate Counsel, SAIF, argued the
cause for petitioner. With him on the brief were K. R.
Maloney, General Counsel, and James A. Blevins, Chief
Trial Counsel, SAIF, Salem.

Jeffrey M. Batchelor, Portland, argued the cause for respondent. With him on the brief were James H. Clarke, Nelson D. Atkin, II, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Before Joseph, Chief Judge, and Buttler and Warden, Judges.

JOSEPH, C. J.

**JOSEPH, C. J.**

The State Accident Insurance Fund (SAIF) has petitioned for judicial review of an order of the Workers' Compensation Board (Board) which reversed the part of the referee's order which had found owner-drivers of taxicabs to be subject workers within the meaning of former ORS 656.005(28) (now ORS 656.005(29)). Although the referee and the Board had expressed substantial doubt about their subject matter jurisdiction to determine the controversy in the absence of a clear legislative grant of authority or a pending claim for compensation, the parties chose to ignore the problem in this court. We cannot. When the matter came on for hearing, we raised the issue and requested supplemental briefs. We hold that neither the referee nor the Board had subject matter jurisdiction at the time of their respective orders, and we remand the matter to the Board for dismissal.

The only facts of importance now are those which establish the time frame. Prior to March 5, 1979, Broadway Cab Company (Broadway) applied to SAIF for coverage of a certain number of its employees, but did not include owner-drivers in the group to be covered. SAIF responded by refusing to issue a certificate until Broadway agreed to include driver-owners in the covered group. Broadway acceded under protest, and on March 5, 1979, its attorney requested a hearing by the Board. The matter was referred to a referee, who conducted hearings in 1979. He issued his opinion on February 12, 1980. On July 23, 1980, the Board issued its opinion on review. The coverage period involved is February 1, 1979, to October 2, 1979.

Broadway's supplemental brief contains a detailed and very helpful recitation and analysis of the statutes involved in this problem, and it is substantially persuasive that up to January 1, 1980, the referee and the Board had subject matter jurisdiction, either within the provisions of ORS chapter 656 itself or under ORS chapter 183 as partly incorporated by reference in ORS chapter 656. However, we need not and will not enter into that labyrinth. Even if there was jurisdiction over this controversy prior to the effective date of Oregon Laws 1979, chapter 839, that jurisdiction was destroyed on January 1, 1980, when the 1979 Act became effective.

ORS 656.708 now provides, in part:

"(1) There is created the Workers' Compensation Department. The department consists of the board, the director and all their assistants and employes.

"* * * * *

"(3) The Hearings Division is continued within the board. The division has the responsibility for providing an impartial forum for deciding all cases, disputes and controversies arising under ORS 654.001 to 654.295, all cases, disputes and controversies regarding matters concerning a claim under ORS 656.001 to 656.794, and for conducting such other hearings and proceedings as may be prescribed by law.

"* * * * *."

ORS 656.726(2) now provides, in part:

"The board hereby is charged with the administration and the responsibility for the Hearings Division and for reviewing appealed orders of referees in controversies concerning a claim arising under ORS 656.001 to 656.794, exercising own motion jurisdiction under ORS 656.001 to 656.794 and providing such policy advice as the director may request, and providing such other review functions as may be prescribed by law. * * *"

ORS 656.704 now provides:

"(1) Where ORS 656.001 to 656.794 does not provide a procedure for administrative or judicial review of actions and orders of the department or State Accident Insurance Fund Corporation, the provisions of ORS 183.310 to 183.500 shall apply to the board review and judicial review of such actions and orders.

"(2) For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under ORS 656.001 to 656.794, and for determining the procedure for the conduct and review thereof, matters concerning a claim under ORS 656.001 to 656.794 are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue. However, such matters do not include any proceeding under ORS 656.248 or any proceeding resulting therefrom."

It *is* clear that the only *specific* subject matter for a referee's activities on February 12, 1980, in connection with Workers' Compensation under the quoted statutes was in "cases, disputes and controversies regarding matters

concerning a claim * * *"; similarly, the Board's subject matter jurisdiction on July 23, 1980, was to review "appealed orders of referees in controversies concerning a claim * * *." Broadway seems to concede these conclusions but asserts that "there is nothing to indicate that the amendment[s were] intended to retroactively divest the Board and its Hearings Division of jurisdiction in pending cases." The difficulty with that is that "retroactivity" is not the issue. The plain thrust of the 1979 amendments is that the Board's review jurisdiction *after* the effective date is limited to "controversies concerning a claim."[1]

The only remaining question is the meaning of "other hearings and proceedings as may be prescribed by law" in ORS 656.708(3), and "providing such review functions as may be prescribed by law" in ORS 656.726(2). Because the latter phrase refers to "review functions," its meaning depends upon the determination of any original source for a matter to be reviewed. It cannot be the referees, for their Workers' Compensation jurisdiction is limited to claims by ORS 656.283 and ORS 656.708(3)—unless there is another grant of jurisdiction to support the phrase first quoted above.[2] The parties have not given any attention in their supplementary briefs to this aspect of the Board's jurisdiction, and we have been able to discern only two instances of what seems to have been intended as the source: ORS 656.740(3), which provides for a referee's hearing on a proposed order declaring a person to be a noncomplying employer, and ORS 656.745(3), which relates to penalties and assessments. Whether the Workers' Compensation Department could by rule invest the Hearings Division with jurisdiction over some matter (and thereby give the Board review authority) is doubtful under ORS 656.704(2) and unnecessary to decided, for the

---

[1] We note that the addition of subsection (2) to ORS 656.704, quoted *supra,* may merely have been intended to clarify the original intended meaning of what is now subsection (1), which until the 1979 amendments was the only language in the section. Both former and present ORS 656.283 only provide jurisdiction for the Board to hold "a hearing on any question *concerning a claim."* (Emphasis supplied.)

[2] An order pursuant to ORS 656.307 designating an interim paying carrier could, of course, give rise to a controversy, but it would be one "concerning a claim."

department has not attempted to do so in this matter.[3] We are satisfied that neither the referee nor the Board had jurisdiction in this dispute at the time of their respective orders.

Remanded with instructions to dismiss.

---

[3] Had the contretemps between SAIF and Broadway resulted in the director of the department acting under ORS 656.052(2) to serve a cease and desist order on Broadway, then the issue could have been tried in circuit court. ORS 656.052(3); *see also* ORS 656.740.