Argued and submitted August 17, 1981, reversed and remanded with instructions January 6, 1982

In the Matter of the Compensation
of Lance P. Reynolds, Claimant.

RENOLDS-CROFT, INC. et al,
*Petitioners,*

*v.*

BILL MORRISON COMPANY et al,
*Respondents.*

(WCB No. 79-3058-E, CA A20453)

638 P2d 495

Mildred J. Carmack, Portland, argued the cause for petitioners. With her on the brief were Ridgway K. Foley, Jr., Delbert J. Brenneman, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Darrell E. Bewley, Appellate Counsel for State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondents State Accident Insurance Fund and Bill Morrison Company.

Burton J. Fallgren, Portland, waived appearance for respondent Lance P. Reynolds.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This case concerns the jurisdiction of the Workers' Compensation Board to settle a dispute between two carriers, Royal Globe Insurance Company (Royal) and SAIF. Royal seeks judicial review of an order of the Board which requires Royal to reimburse SAIF for an overpayment of benefits made by SAIF to claimant Reynolds, an employe of Royal's insured, Renolds-Croft, Inc.

Reynolds suffered a wrist fracture in 1973 while employed at Renolds-Croft. Royal accepted the claim and processed it until closure in 1975. Reynolds suffered another injury to the same wrist in 1976, which was diagnosed as a carpal tunnel syndrome. At that time he was employed by Bill Morrison Co., which was insured by SAIF. Reynolds filed a claim with Bill Morrison Co. and an aggravation claim with Renolds-Croft. Royal denied the aggravation claim on the ground that Reynolds' problem resulted from a new injury. Reynolds did not appeal that denial. SAIF accepted the claim and began temporary total disability payments.

In 1977, Reynolds began to suffer from degenerative arthritis, requiring surgery in 1978. The arthritis related to the 1973 injury, and Royal reopened his 1973 claim and made temporary total disability payments from September 7 to 22, 1978.

Reynolds' carpal tunnel syndrome became medically stationary in July, 1977. However, because of confusing and contradictory reports from Reynolds' physician, due perhaps to his failure to distinguish between separate injuries to the same wrist, SAIF continued to make temporary total disability payments until September, 1978, resulting in a claimed overpayment of $6,583.91.[1]

Its attempt to obtain voluntary reimbursement from Royal being unsuccessful, SAIF asked for a hearing. Royal filed a special appearance, contending that the Board

---

[1] After discovering the overpayment, SAIF withheld a $525 permanent partial disability payment from Reynolds, offsetting this amount against the overpayment. Royal contends that this makes SAIF and Reynolds adverse parties and prevents SAIF from purporting to represent Reynolds to obtain Board jurisdiction. Because of our disposition of the case, we do not reach this contention.

lacked jurisdiction. The referee found that he had jurisdiction and ordered Royal to reimburse SAIF; he later vacated that order on the ground that he lacked jurisdiction. On review, the Board reversed, holding it had jurisdiction, and ordered Royal to reimburse SAIF. Royal then petitioned this court for review.

Royal relies upon ORS 656.704(2), which provides:

"For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under ORS 656.001 to 656.794, and for determining the procedure for the conduct and review thereof, matters concerning a claim under ORS 656.001 to 656.794 are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue. * * * "

In *SAIF v. Broadway Cab,* 52 Or App 689, 629 P2d 829, *rev den* 291 Or 662 (1981), we found that ORS 656.704(2), when read in conjunction with ORS 656.708(3)[2] (responsibilities of the Hearings Division), divests referees and the Board of jurisdiction over any case except one in which a worker's right to receive compensation, or the amount thereof, is directly in issue. Here, Reynolds' right to receive compensation is not in issue.[3] The issue here is whether the Board has jurisdiction to resolve a dispute between carriers.

SAIF relies upon ORS 656.307(1), which provides in part:

"Where there is an issue regarding:
* * * *

"(c) Responsibility between two or more employers or their insurers involving payment of compensation for two or more accidental injuries; * * *
"* * * * *

---

[2] ORS 656.708(3) provides:

"The Hearings Division is continued within the board. The division has the responsibility for providing an impartial forum for deciding all cases, disputes and controversies arising under ORS 654.001 to 654.295, all cases, disputes and controversies regarding matters concerning a claim under ORS 656.001 to 656.794, and for conducting such other hearings and proceedings as may be prescribed by law."

[3] With two exceptions not involved here. *See SAIF v. Broadway Cab Co.,* 52 Or App 689, 693, 629 P2d 829, *rev den* 291 Or 622 (1981).

"the director shall, by order, designate who shall pay the claim, if the claim is otherwise compensable. * * * When a determination of the responsible paying party has been made, the director shall direct any necessary monetary adjustment between the parties involved. * * * "

Oregon law formerly vested jurisdiction in the Board to make such determinations. However, that authority was transferred to the Director of the Worker's Compensation Department in 1977. Oregon Laws 1977, ch 804, § 54.[4] SAIF attempts to avoid the express terms of ORS 656.704(2), *supra,* by contending that this court has indicated that the Director and the Board share jurisdiction. Neither case cited by SAIF supports this proposition. *Oremus v. Oregonian Pub. Co.,* 3 Or App 92, 470 P2d 162, *rev den* (1970), was decided before jurisdiction was transferred to the director, and in *Bell v. Hartman,* 44 Or App 21, 604 P2d 1273, *rev'd* 289 Or 447, 615 P2d 314 (1980), compensation was directly in issue.

We hold that the Board has no jurisdiction over the subject matter of the dispute between the carriers.

Reversed and remanded with instructions to vacate the order and to dismiss.

---

[4] The division of authority between the Board and the Director is made explicit by statute. ORS 656.704(2); ORS 656.726. The Director has the power to prescribe procedural rules and to conduct hearings, investigations and other proceedings pursuant to ORS 654.001 to 654.295 and ORS 656.001 to 656.794 regarding all matters other than those specifically assigned to the Board or the Hearings Division. ORS 656.726(3)(g); *see also,* ORS 656.708(5).