Argued and submitted October 15, affirmed in part;
reversed in part December 1, 1982

In the Matter of the Compensation of
Leroy R. Schlecht, Claimant.
SCHLECHT,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Respondents.*

(No. D 306743, CA A23093)

653 P2d 1284

Judicial Review from Workers' Compensation Board.

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent State Accident Insurance Fund Corporation.

William F. Gary, Solicitor General, Salem, argued the cause for respondent Workers' Compensation Board. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant appeals from a "third party distribution order" of the Workers' Compensation Board, requiring claimant to pay to SAIF part of the settlement proceeds that he received from the tortfeasor for an injury for which SAIF has paid him workers' compensation benefits. The board and SAIF contend that this court lacks jurisdiction over the appeal.[1] We conclude that we have jurisdiction, and we affirm in part and reverse in part.

In July, 1978, claimant was injured in a highway collision while in the course of his employment as a truck driver. He filed a workers' compensation claim with SAIF and also brought a tort action against the driver of the other vehicle. *See* ORS 656.576 *et seq.* The claim was partially denied by SAIF, and claimant requested a hearing. In late 1979, claimant settled the action against the tortfeasor for $57,500, and on December 31, 1979, he tendered $16,582.89 to SAIF pursuant to ORS 656.593.[2] The

---

[1] Before the briefs were filed, the board moved to dismiss the appeal. We denied the motion with leave to renew. The board has renewed the motion in its brief and has appeared only to address the jurisdictional issue. SAIF also argues that the appeal should be dismissed, but it addresses no other issue in its brief.

In his response to the board's original motion to dismiss, claimant argued: "The Board is not a 'party' to this proceeding pursuant to ORS 656.005(23), and has no standing to contest jurisdiction of this Court." The board replied that, if the court lacks jurisdiction, it must dismiss the appeal "whether the jurisdictional issue is raised by a party or a passing sparrow." We are required to determine whether we have jurisdiction, whether or not the question is raised. For that reason, and because SAIF is a party and *does* raise the question, it is immaterial whether the board has standing to appear.

[2] ORS 656.593 provides:

"(1) If the worker or the beneficiaries of the worker elect to recover damages from the employer or third person, notice of such election shall be given the paying agency by personal service or by registered or certified mail. The paying agency likewise shall be given notice of the name of the court in which such action is brought, and a return showing service of such notice on the paying agency shall be filed with the clerk of the court but shall not be a part of the record except to give notice to the defendant of the lien of the paying agency, as provided in this section. The proceeds of any damages recovered from an employer or third person by the worker or beneficiaries shall be subject to a lien of the paying agency for its share of the proceeds as set forth in this section and the total proceeds shall be distributed as follows:

"(a) Costs and attorney fees incurred shall be paid, such attorney fees in no event to exceed the advisory schedule of fees established by the board for such actions.

parties appear to agree that that amount was equal to SAIF's recoverable costs under the statute as of the date of tender. *But see* n 5, *infra.* In January, 1980, SAIF approved the settlement and demanded that an additional amount from the settlement be forwarded to it "to be placed in the Advance Refund Account until the pending Hearing [on the claim] is concluded and all costs are known and paid." In April, 1980, the referee found generally in claimant's favor on his appeal from the partial denial of his claim. The incremental benefits to claimant from the referee's disposition, together with medical expenses SAIF paid after the tort action was settled, equalled $4,849.55. The referee also awarded claimant an attorney fee of $1,000, to be paid by SAIF, for prevailing in the hearing on SAIF's partial denial of the claim. The referee's order was affirmed by the board and was not appealed farther.

---

"(b) The worker or the beneficiaries of the worker shall receive at least 33-1/3 percent of the balance of such recovery.

"(c) The paying agency shall be paid and retain the balance of the recovery, but only to the extent that it is compensated for its expenditures for compensation, first aid or other medical, surgical or hospital service, and for the present value of its reasonably to be expected future expenditures for compensation and other costs of the worker's claim under ORS 656.001 to 656.794. Such other costs include assessments for reserves in the Administrative Fund and any reimbursements made pursuant to ORS 656.728(3), but do not include any compensation which may become payable under ORS 656.273 or 656.278

"(d) The balance of the recovery shall be paid to the worker or the beneficiaries of the worker forthwith. Any conflict as to the amount of the balance which may be retained by the paying agency shall be resolved by the board.

"(2) The amount retained by the worker or the beneficiaries of the worker shall be in addition to the compensation or other benefits to which such worker or beneficiaries are entitled under ORS 656.001 to 656.794.

"(3) A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds as may be just and proper and the worker or the beneficiaries of the worker shall receive the amount to which the worker would be entitled for a recovery under subsections (1) and (2) of this section. Any conflict as to what may be a just and proper distribution shall be resolved by the board."

The statute is quoted in this note in its present form, as amended by Or Laws 1981, ch 540, § 1. At the times relevant here, the statute as it read before that amendment was applicable; however, the differences between the two versions are not material to the issues in this appeal.

The parties did not reach agreement on the allocation of the tort action settlement, and on March 18, 1981, SAIF requested that the board resolve the dispute. SAIF contended that it was entitled to a distribution to offset (1) the $4,849.55 it had expended or incurred for compensation or benefits since receiving claimant's payment; (2) the $1,000 attorney fee awarded claimant by the referee; and (3) $5,000 "as an estimate of future anticipated costs." The board ordered claimant to distribute $5,849.55 to SAIF but it concluded that SAIF had not proved its claim for $5,000 for anticipated future costs. Claimant contends on appeal that the board erred by ordering the distribution of $5,849.55 to SAIF.

The board argues that this court has no jurisdiction to consider the appeal because, under ORS 656.704,[3] orders of the board "other than those concerning a claim" are subject to the review provisions in the Administrative Procedures Act (ORS 183.310 to 183.500) rather than those in the Workers' Compensation Law. According to the board, third party distribution proceedings are not matters "concerning a claim" because they are not "matters in which a

---

[3] ORS 656.704 provides:

"(1) Actions and orders of the director, and administrative and judicial review thereof, regarding matters concerning a claim under ORS 656.001 to 656.794 are subject to the procedural provisions of ORS 656.001 to 656.794 and such procedural rules as the board may prescribe.

"(2) Actions and orders of the director and the conduct of hearings and other proceedings pursuant to ORS 656.001 to 656.794, and judicial review thereof, regarding all matters other than those concerning a claim under ORS 656.001 to 656.794, are subject only to ORS 183.310 to 183.550 and such procedural rules as the director may prescribe. The director may make arrangements with the board pursuant to ORS 656.726(7) to obtain the services of referees to conduct such proceedings or may make other arrangements pursuant to ORS 656.722 to obtain personnel to conduct such proceedings. The director by rule shall prescribe the classes of orders issued by referees and other personnel that are final, appealable orders and those orders that are preliminary orders subject to revision by the director.

"(3) For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under ORS 656.001 to 656.794, and for determining the procedure for the conduct and review thereof, matters concerning a claim under ORS 656.001 to 656.794 are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue. However, such matters do not include any proceeding under ORS 656.248 or any proceeding resulting therefrom."

454

worker's right to receive compensation, or the amount thereof, are directly in issue." ORS 656.704(3). The board contends further that third party distribution proceedings are not subject to the contested case provisions of the Administrative Procedures Act and, accordingly, that they are initially reviewable by the circuit court rather than this court. *See* ORS 183.480 to 183.484. Claimant argues that judicial review of *all* board orders under ORS chapter 656 is controlled by ORS 656.298(1), which provides in part:

> "Any party affected by an order of the board may within the time limit specified in ORS 656.295, request judicial review of the order with the Court of Appeals."

■ It is not certain, in our view, that ORS 656.704 has any relevance to judicial review of *board* orders; the principal subject of the statute appears to be the conduct and review of proceedings of the Director of the Workers' Compensation Department.[4] The only relevance the statute seems to have to board proceedings is its allocation of authority to conduct hearings, investigations and other proceedings between the board and the director, with claim-related matters as the basic dividing line. However, we need not decide here whether ORS 656.704 has any application to judicial review of board orders, because we conclude that the board's authority under ORS 656.593(1)(d) to resolve "[a]ny conflict as to the amount of the balance [of a

---

[4] In *SAIF v. Broadway Cab Co.*, 52 Or App 689, 629 P2d 829, *rev den* 291 Or 662 (1981), we stated:

"It *is* clear that the only *specific* subject matter for a referee's activities on February 12, 1980, in connection with Workers' Compensation under the quoted statutes was in 'cases, disputes and controversies regarding matters concerning a claim * * *'; similarly, the Board's subject matter jurisdiction on July 23, 1980, was to review 'appealed orders of referees in controversies concerning a claim * * *.' * * *" 52 Or App at 692-93. (Emphasis in original.)

We noted in *Broadway Cab* that the jurisdiction of the referees and the board could include matters not involving claims where there is an express statutory source of jurisdiction; however, we also noted:

"'* * * [W]e have been able to discern only two instances of what seems to have been intended as the source: ORS 656.740(3), which provides for a referee's hearing on a proposed order declaring a person to be a noncomplying employer, and ORS 656.745(3), which relates to penalties and assessments. * * *'" 52 Or App at 693.

It is unnecessary to decide in this case what effect, if any, 1981 legislation has on our conclusion in *Broadway Cab. See, e.g.,* Or Laws 1981, ch 874, § 11, amending ORS 656.704.

third-party recovery] which may be retained by the paying agency" pertains to a matter "concerning a claim" and is therefore reviewable under ORS 656.298. *See also* ORS 656.593(3) and n 5, *infra.*

We do not agree with the board's narrow reading of the phrases "concerning a claim" and "matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue" used in ORS 656.704. The paying agency's right to distribution of third party recoveries under ORS 656.593 arises out of its responsibility for compensation, and the amount distributed is ascertained in part by the amount of compensation. Proceedings under ORS 656.593 are somewhat analogous to proceedings under ORS 656.307, where the sole issue *can* be which of two employers or insurers is responsible for coverage of a claim acknowledged to be compensable. The parties to an ORS 656.307 proceeding, including the claimant, have appeal rights under ORS 656.298. *See SAIF v. Broadway Cab Co.,* 52 Or App 689, 693, n 2, 629 P2d 829, *rev den* 291 Or 662 (1981). For present purposes, the principal difference between ORS 656.307 and 656.593 is that under the former there is an adjudication of the claim itself, while distribution under the latter is—or can be—decided independently of the claim. It nevertheless seems clear that third-party distribution orders directly affect the amount of compensation payable to a claimant by the entity responsible for payment under the Workers' Compensation Law. We do not ·think the legislature intended to create as fine a distinction as the board finds in ORS 656.704, or to create the kind of jurisdictional confusion which would result from the board's interpretation. We hold that we have jurisdiction, and we turn to the merits.

Claimant argues that SAIF is not entitled to distribution of the compensation or medical expenses incurred after the settlement of the third-party action. He contends that SAIF was required to make a claim *at the time of the settlement* "for the present value of its ˙reasonably to be expected future expenditures for compensation," ORS 656.593(1)(c),[5] and, having failed to do so, could not recover

---

[5] Claimant's argument posits that ORS 656.593(1)(c) and (1)(d) are the relevant provisions for determining whether the contested amounts were correctly

the compensation and benefits that actually accrued or were paid between the time of the settlement and the time of distribution. Claimant also states:

> "* * * ORS 656.593 sets forth the statutory procedure by which distribution of proceeds of third party actions occurs. The statute contemplates calculation of SAIF's interest at the time recovery comes about, be it by settlement or judgment. Otherwise, particularly in that [sic] case of settlements, the entire policy of orderly and fair distribution is defeated. Counsel representing an injured worker must, as any lawyer representing a client in a civil action, exercise judgment, and balance the value of the case, and the chances for success upon trial, against the certainties of a settlement. If SAIF is permitted to come back—after a settlement is effected—and claim more money than previously claimed, the 'certainty' factor involved in settlement of claims becomes mythical. Counsel is unable to intelligently inform his or her client of the *actual,* rather than potential in-pocket gain from the settlement. The policy of this state has long been to favor settlement, and it must be presumed the legislature intended, by the passage of ORS 656.593, to enhance that policy, not hinder it. Thus, SAIF's statutory entitlement in this case must be looked upon as arising at the time the settlement was approved by SAIF." (Emphasis claimant's.)

Claimant misperceives the purpose of ORS 656.593. It has nothing to do with the policy of encouraging settlements. Indeed the Workers' Compensation Law's provisions governing distribution of third-party recoveries prohibit compromise or settlement of actions by the claimant unless the paying agency consents. ORS 656.587, 656.593(3). The statutes are also not aimed at maximizing recovery by claimants in third party actions. Their objective is to allocate *whatever* the claimant recovers between him and the paying agency and to provide reimbursement to those responsible for statutory compensation of injured workers when damages or settlements are obtained against the persons whose acts caused the injuries. We therefore find the policy reasons claimant offers in support of his argument unpersuasive.

---

awarded to SAIF. He does not rely on ORS 656.593(3), which appears to be specifically applicable to allocations between claimants and paying agencies of third-party *settlements*, while subsection (1) relates to the distribution of *damages*.

We are also unconvinced by his interpretation of the statutory language. We do not believe the paying agency must make a claim "for the present value of its reasonably to be expected future expenditures for compensation" at the time of the third party recovery. We construe that language of ORS 656.593(1)(c) to refer to compensation and expenditures anticipated at the time the third-party recovery is distributed by agreement of the parties or ordered distributed by the board. Given the objectives of the statute, we discern no reason why compensation or other benefits *actually* paid or incurred between the time of judgment or settlement and the time of distribution should be treated as "expected *future* expenditures." (Emphasis supplied.)

■    The board did not err in ordering distribution to SAIF of the compensation awarded claimant and the medical expenses paid on his behalf by SAIF after the settlement of the third party action. However, we agree with claimant that SAIF is not entitled to a distribution to offset the fee it was required to pay claimant's attorney. In reaching the opposite conclusion, the board stated:

> "The first part of [ORS 656.593(1)(c)], down to the term 'hospital service,' says that SAIF is entitled to reimbursement for 'its expenditures for compensation.' Were this all there was to the statute, the question would be whether carrier-paid attorney fees are a form of compensation. See ORS 656.005(9). However, the balance of the statute refers to a present reserve for 'future expenditures for compensation *and other costs* of the worker's claim under ORS 656.001 to 656.794.' (Emphasis added.) Carrier-paid attorney fees are obviously an 'other cost' of the worker's claim under ORS Chapter 656. We cannot imagine the legislature intending that a carrier in this situation could maintain a reserve for *future* carrier-paid attorney fees but not qualify for reimbursement for *previously*-paid attorney fees. We, therefore, conclude that SAIF is entitled to reimbursement for the $1,000 in attorney fees it paid to claimant's attorney." (Emphasis in original.)

■    Although the question is close, we conclude that attorney fees a claimant recovers against an insurer after prevailing in a hearing on the insurer's denial of a claim are not recoverable by the insurer as an "other cost" of the claim under ORS 656.593(1)(c). We do not believe the legislature intended that the coincidence of a third-party

recovery should relieve the insurer from paying attorney fees awarded to the claimant for prevailing in a hearing on a denied claim.

The portion of the order directing distribution to SAIF of the $1,000 attorney fee awarded claimant in the claim proceeding is reversed; the order is affirmed in all other respects.[6]

---

[6] Neither party contends that the proceedings before the board did not meet applicable *procedural* requirements. SAIF observes that, under ORS 656.593, "[n]o hearing is required or other procedure set forth." Later in its brief, SAIF states that "[i]n this case no hearing was had. There is no evidence or fact finding. There is nothing to be reviewed by the Court of Appeals." If we were required to rely on the record before the board, we might agree. *See Blackman v. SAIF,* 60 Or App 446, 653 P2d 1315 (1982). However, the parties in this case do not ask that we determine any questions that can be correctly characterized as factual, and the legal issues they raise can be decided in light of the facts discernible from the record and those set forth in claimant's summary of facts, which SAIF accepts.