Argued and submitted October 15, reversed and remanded December 1, 1982

In the Matter of the Compensation of
John R. Blackman, Claimant.
BLACKMAN,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND
CORPORATION et al
*Respondents.*

(No. D270142, CA A23494)

653 P2d 1315

Reversed and remanded.

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent State Accident Insurance Fund Corporation.

William F. Gary, Solicitor General, Salem, argued the cause for respondent Workers' Compensation Board. With

him on the brief was Dave Frohnmayer, Attorney General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant appeals from the Workers' Compensation Board's "order of disbursement of third party funds." ORS 656.593. The order required distribution to SAIF of certain amounts claimant recovered in an action against a third party for an injury for which SAIF had paid benefits under the Workers' Compensation Law.

The board and SAIF argue that we lack jurisdiction over the appeal and move that we dismiss it. For the reasons stated in *Schlecht v. SAIF,* 60 Or App 449, 653 P2d 1284 (1982), we conclude that we have jurisdiction. We turn to the merits.

The record in this case consists only of SAIF's letter requesting a "hearing regarding the distribution of [the third party action] funds," other correspondence and the board's order. Claimant argues, correctly, that there is no evidence to support the contested part of the board's award to SAIF. Claimant accordingly argues that we should reverse that part of the award on the ground that there was a failure of proof. We do not agree that that is the appropriate disposition of the appeal. The problem with the proceedings below was not that SAIF's evidentiary showing was inadequate; SAIF and, for that matter, claimant had no opportunity to make an evidentiary showing through the procedures the board and the parties followed. We held in *Schlecht v. SAIF, supra,* that third-party distribution orders of the board under ORS 656.593 are reviewable by this court pursuant to ORS 656.298 as matters concerning a claim. *See* ORS 656.704. It follows that the proceedings that culminate in a third-party distribution order must produce a record adequate for our review under ORS 656.298. It also follows that when, as here, appropriate proceedings were not conducted and the absence of a record makes it impossible for us to consider factual issues raised by the parties on appeal, a remand for further proceedings is necessary. *See Patton v. St. Bd. Higher Ed.,* 59 Or App 477, 651 P2d 169 (1982).[1]

Reversed and remanded.

---

[1] In addition to the reasons stated in the text, we consider an outright reversal to be inappropriate here because the board and the parties did not have the benefit of our opinion in *Schlecht v. SAIF, supra,* at the time this matter was considered by the board, and the procedural requirements for proceedings under ORS 656.593 are not articulated in *that* statute. We note also that claimant's counsel failed to comply with the two requests by the chairman of the board for a response to SAIF's letter requesting a hearing.