Argued and submitted March 6, the decision of the Court of Appeals reversed and case remanded to the Court of Appeals for reconsideration September 19, 1991

In the Matter of the Compensation of
Marvin C. Wright, Claimant.

SAIF CORPORATION,
*Petitioner on Review,*

*v.*

Marvin C. WRIGHT,
*Respondent on Review.*

(WCB TP-88016; CA A51030; SC S37533)

817 P2d 1317

John Reuling, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David C. Force, of Vick & Gutzler, Salem, argued the cause and filed the response to the petition for respondent on review.

GRABER, J.

## GRABER, J.

The issue in this workers' compensation case is whether ORS 656.593(3)[1] gave the Workers' Compensation Board (the Board) the authority to determine whether SAIF Corporation (SAIF) was a "paying agency" within the meaning of that statute. We hold that the Board had the authority to make that determination. Accordingly, we reverse the decision of the Court of Appeals, which held to the contrary.

Claimant suffered injuries in a two-car accident in 1984. He filed claims with four employers, contending that he was injured in the course and scope of employment and that at least one of the four was his employer. SAIF received and processed three of the claims, because they involved noncomplying employers. ORS 656.054(1).[2] In June 1985, SAIF denied all three claims, on the ground that claimant was not a subject worker of any of the employers. The fourth purported employer denied the claim on the same ground.

Also in 1985, claimant filed an action against the other driver who had been involved in the accident. His case against the other driver was settled on January 20, 1986, for $81,960.75. Claimant did not inform SAIF of the settlement, and SAIF was not otherwise aware of the litigation or of the settlement. Thus, SAIF did not consent to the settlement. *See* ORS 656.587 (settlement between worker and third party

---

[1] ORS 656.593(3) provides:

"A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds as may be just and proper and the worker or the beneficiaries of the worker shall receive the amount to which the worker would be entitled for a recovery under subsections (1) and (2) of this section. Any conflict as to what may be a just and proper distribution shall be resolved by the board."

[2] ORS 656.054(1) provides:

"A compensable injury to a subject worker while in the employ of a noncomplying employer is compensable to the same extent as if the employer had complied with ORS 656.001 to 656.794. The director shall refer the claim for such an injury to the State Accident Insurance Fund Corporation within 60 days of the date the director has notice of the claim. A claim for compensation made by such a worker shall be processed by the State Accident Insurance Fund Corporation in the same manner as a claim made by a worker employed by a carrier-insured employer, except that the time within which the first instalment of compensation is to be paid, pursuant to ORS 656.652(4), shall not begin to run until the director has referred the claim to the State Accident Insurance Fund Corporation."

must have written approval of paying agency); ORS 656.593(3) (claimant may settle third party case with approval of paying agency). The settlement was distributed as follows: $29,869.72 to claimant; $27,243.18 to claimant's lawyers; $24,616.65 for medical expenses; and $231.20 for costs.

Meanwhile, claimant had appealed the denials of his four claims. After a hearing on January 30, 1986, the referee upheld the denials, on the ground that no employer-employee relationship existed with any of the four purported employers. Claimant appealed to the Board, which found that claimant was a subject worker of one of the three noncomplying employers whose claim had been referred to SAIF for processing. The Board set aside SAIF's denial as to that employer and remanded the claim to SAIF for processing.[3] Thereafter, SAIF paid claims costs of $43,418.82, comprised of temporary total disability compensation ($39,693.35), a permanent disability award ($2,359.45), and medical expenses ($1,366.02).

SAIF first learned of claimant's settlement with the other driver in April 1988, when claimant sought reimbursement for the $24,616.65 in medical bills that had been paid directly to the providers from the settlement. On June 23, 1988, SAIF filed a "Petition for Distribution" asking the Board for an order that would require claimant to distribute to SAIF $36,324.23 as its "statutory share" of the third-party settlement, pursuant to ORS 656.593(3). The Board denied the petition on the ground that SAIF was not a "paying agency"[4] entitled to share in the settlement under ORS 656.593(3), because SAIF had denied the underlying claim. SAIF sought judicial review of the Board's order.

The Court of Appeals held that, although the Board had jurisdiction over SAIF's petition, it had no authority to grant the specific relief sought. There was a dispute between SAIF and claimant, not about what amount claimant would

---

[3] The employer sought judicial review of the Board's order. The Court of Appeals affirmed that order. *Bernards v. Wright,* 93 Or App 192, 760 P2d 1388 (1988).

[4] ORS 656.576 defines "paying agency" as "the self-insured employer or insurer paying benefits to the worker or beneficiaries."

owe under ORS 656.593(3), but about whether SAIF was entitled to any distribution at all. The Court of Appeals reasoned:

> "In the settlement of a third-party action and the distribution of the proceeds, the Board has authority to do only two things. First, it may order written approval of the settlement by the paying agency, if there is a dispute between the parties regarding it. ORS 656.587. Second, if the settlement is approved,
>
>> 'the paying agency is authorized to accept such a share of the proceeds as may be just and proper * * *. Any conflict as to what may be a just and proper distribution shall be resolved by the board.' ORS 656.593(3)."

*SAIF v. Wright,* 102 Or App 598, 601, 795 P2d 604 (1990). We allowed SAIF's petition for review.

We note at the outset that "matters concerning a claim under ORS 656.001 to 656.794" are generally within the Board's jurisdiction. ORS 656.704(1). This dispute involves a matter concerning a claim, because the amount of compensation to which claimant is entitled is directly in issue. *See* ORS 656.704(3) (providing definition).[5] The more that a paying agency is entitled to receive, the less that the claimant is entitled to retain. A paying agency's right to a share of third-party recoveries derives from its responsibility for compensation. The amount that the paying agency is entitled to recover is determined, in part, by the amount of compensation that it paid. *See generally* ORS 656.576 to 656.595 (providing procedures for paying agency to recover from third persons and noncomplying employers).[6] Moreover, ORS 656.593 gives the Board jurisdiction over the parties of a worker and a paying agency and over the subject matter of a worker's recovery from a direct third-party action.

The question here is: Did the Board have the authority under ORS 656.593 to decide that SAIF was not a "paying

---

[5] ORS 656.704(3) provides in part:

"[M]atters concerning a claim under ORS 656.001 to 656.794 are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue."

[6] In *Schlecht v. SAIF,* 60 Or App 449, 455, 653 P2d 1284 (1982), the Court of Appeals also came to the conclusion that this type of proceeding is a matter concerning a claim.

agency" and thus was not entitled to any share of the third-party settlement? Or, as the Court of Appeals concluded, does ORS 656.593(3) limit the Board's authority to deciding only how much is owed, and not whether it is owed at all? We do not read the statute as narrowly as did the Court of Appeals.

The measure of an agency's authority to administer a statutory remedy is found in the statute creating the procedure. *Board of Medical Examiners v. Buck,* 192 Or 66, 82, 232 P2d 791 (1951). A statute can confer authority either expressly or by necessary implication. *Ibid. See also Warren v. Marion County,* 222 Or 307, 320, 353 P2d 257 (1960) (agency has such implied powers as are necessary to carry out the powers expressly granted).

The key words of ORS 656.593(3) are: "[T]he paying agency is authorized to accept such a share of the proceeds as may be just and proper * * *. *Any conflict as to what may be a just and proper distribution shall be resolved by the board.*" (Emphasis added.) That statute expressly grants authority to the Board to decide the question presented to it in this case. The wording of ORS 656.593(3) is broad. "Any conflict," given its natural, plain, and obvious meaning, encompasses the gamut of disputes about distribution of the proceeds. *See Perez v. State Farm Mutual Auto. Ins. Co.,* 289 Or 295, 299, 613 P2d 32 (1980) (in construing a statute, words of common usage are to be given their natural, plain, and obvious meaning). "Any conflict" includes a dispute about entitlement to a distribution. The words "a just and proper distribution" are similarly broad. In some cases, "a just and proper distribution" may be no distribution at all, as the Board decided in this case.

Finally, we note that the Board is the most appropriate tribunal to determine what a "paying agency" is in the first instance.[7] The legislature designed the workers'

---

[7] "As a matter of common law, a court having jurisdiction to decide a question ordinarily refrains from doing so until the question has first been decided by the specialized agency that has jurisdiction to decide it, but the court may still decide the question in reviewing the agency's decision." 4 Davis, Administrative Law Treatise 119, § 22:11 (2d ed 1983).

*See also Tracy v. Lane County,* 305 Or 378, 382, 752 P2d 300 (1988) (Employment Relations Board's jurisdiction under ORS 243.752(1) is primary, even if not exclusive).

compensation law as an integrated body of statutes, with the Board generally charged with matters relating to the adjudication of claims.

We hold that the Board had the authority to determine whether SAIF was a "paying agency" under ORS 656.593(3). Because the Court of Appeals concluded to the contrary, it did not examine the merits of the Board's decision. We, therefore, remand this case to the Court of Appeals to consider the merits of SAIF's petition for judicial review.

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for reconsideration.