Lloyd URBACH,
*Respondent,*

*v.*

MONCHAMP CORPORATION,
*Appellant.*

(88-CV-0029-JC; CA A64165)

821 P2d 1116

Douglas V. Osborne, Klamath Falls, argued the cause and filed the brief for appellant.

John A. Berge, Bend, argued the cause for respondent. With him on the brief was Gray, Fancher, Holmes, Hurley, Bryant & Lovlien, Bend.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, P. J., dissenting.

## EDMONDS, J.

This is an action on a promissory note. Defendant appeals a judgment for plaintiff. We affirm.

In February, 1980, plaintiff agreed to sell real property to Robert and Patricia Miller, who would then exchange it for property owned by defendant. As consideration for the sale, plaintiff received a promissory note from Robert Miller for $315,210 secured by a trust deed, and a promissory note from defendant for $59,750 secured by a separate trust deed. Each trust deed described the same property as security.

Robert Miller defaulted on his note. Plaintiff thereafter foreclosed non-judicially on his trust deed and, at the trustee's sale, obtained title to the real property that he had originally sold. After the sale, defendant refused to make any further payments on his note. Plaintiff then commenced this action. The court entered judgment in plaintiff's favor.

Defendant argues that when, as a result of a default on a promissory note, a party elects to foreclose non-judicially on property that secures two promissory notes, the party is prohibited under ORS 86.770(2) from bringing an action on the other note. Plaintiff argues that ORS 86.770(2) applies only to those persons who are obligated on the note secured by the trust deed that is the subject of the foreclosure and that, because defendant's note was not connected with the foreclosure in this case, ORS 86.770(2) is inapplicable.

At the time of these proceedings, ORS 86.770(2) provided, in part:[1]

> "*When a sale is made by a trustee under ORS 86.705 to 86.795*, or under a judicial foreclosure, *no other or further action shall be brought, nor judgment entered against the grantor* or the grantor's surety, guarantor or successor in interest if any, *on the note*, bond, or other obligation *secured by the trust deed* or against any other person obligated *on such note*, bond or other obligation * * *." (Emphasis supplied.)

Under the plain, natural and obvious meaning of the statute, *see SAIF v. Wright*, 312 Or 132, 137, 817 P2d 1317 (1991), after a trustee's sale no action may be taken on the note that

---

[1] ORS 86.770 has since been amended. Or Laws 1989, ch 190, § 6.

is secured by the deed that was foreclosed. Plaintiff foreclosed on the Millers' trust deed and thereby waived his right to collect a deficiency on *the secured note*. Nothing, however, prevents plaintiff from suing on *defendant's* note, because the trust deed that secured it has not been forclosed, and ORS 86.770(2) is inapplicable.

Affirmed.

**WARREN, P. J.,** dissenting.

After divining the "plain, natural and obvious meaning" of ORS 86.770(2), the majority concludes that plaintiff was entitled to bring an action on defendant's note after recovering the security for that note through foreclosure. Because the majority's construction of ORS 86.770(2) renders that statute meaningless, I dissent.

In construing a statute, this court "cannot correct clear and unambiguous language * * * so as to better serve what the court feels was, or should have been, the legislature's intent." *Monaco v. U.S. Fidelity & Guar.*, 275 Or 183, 188, 550 P2d 422 (1976). However,

> "it is the duty of the court in construing a statute to ascertain the intention of the Legislature and to refuse to give literal application to language when to do so would produce 'an absurd or unreasonable result' but, rather, 'to construe the act, if possible, so that it is a reasonable and workable law and not inconsistent with the general policy of the Legislature * * *.' " *Pacific P. & L. v. Tax Com.*, 249 Or 103, 110, 437 P2d 473 (1968). (Citations omitted.)

In short, we will apply the "plain, natural and obvious meaning" of a statute only if "the language of the statute * * * provide[s] sufficient insight into the legislative intent." *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1991). The language of ORS 86.770(2) does not provide that insight.

ORS 86.770(2) was first enacted in 1959 as part of the Trust Deed Act. Or Laws 1959, ch 625; ORS 86.705 to ORS 86.795. The purpose of that act was to enhance Oregon's economy by encouraging lenders to make high ratio loans.[1]

---

[1] In a high ratio loan, the loan represents a greater portion of the value of the security and may even exceed that value.

*See* Minutes, Senate Committee on Financial Affairs (February 12, 1959).

The main attraction of trust deeds, as opposed to standard mortgages, is the elimination of the borrower's right of redemption. That makes foreclosed properties more marketable. Moreover, in most cases, the lender can proceed, as plaintiff did, by a nonjudicial foreclosure, thereby eliminating many of the costs and delays associated with a judicial foreclosure. *See, generally,* Nelson & Whitman, *Real Estate Finance Law* § 8.3 (2d ed 1985).

ORS 86.770(2) precludes a lender from bringing an action on a note secured by a trust deed after the deed is foreclosed. The statute thereby ensures that borrowers who lose the security do not also lose more money. Unfortunately, neither the language of ORS 86.770(2) nor its history discloses why the legislature wanted to preclude deficiency judgments.

Presumably, the legislature enacted ORS 86.770(2) to offset the pro-lender flavor of the Trust Deed Act by eliminating the opportunity to abuse the expedient remedies available under trust deeds. However, regardless of what the legislature's objective was, the majority's construction of ORS 86.770(2) defeats that intent. Its construction will permit lenders to avoid that statute's constraints simply by requiring a borrower to execute two notes and two trust deeds. On default, the lender can foreclose one trust deed, recover the security, preclude the borrower from redeeming the property and then bring an action on the other note.[2]

The majority's construction of ORS 86.770(2) produces an absurd and unreasonable result. It vitiates the constraints of the statute. A more reasonable and workable interpretation would be that ORS 86.770(2) precludes an action on any note secured by a trust deed after the security for that note has been eliminated by foreclosure of a trust deed. That the note is independent of the trust deed that was foreclosed is irrelevant to the legislative policy if the foreclosing lender is the party bringing an action on the note. A

---

[2] In this context, the doctrine of merger would not bar the action on the remaining note. *See, e.g., Ferry v. Fisk,* 54 Cal App 763, 202 P 964 (1921); *see also Watson v. Dundee Mortgage & Trust Inv. Co.,* 12 Or 474, 483, 8 P 548 (1885).

lender should not be permitted to avoid the constraints of ORS 86.770(2) through creative financing.