Argued and submitted September 17, 2009, affirmed November 3, 2010

Dean LONGSTREET,
*Plaintiff-Respondent,*

*v.*

LIBERTY NORTHWEST INSURANCE CORPORATION,
a domestic corporation,
*Defendant-Appellant.*

Linn County Circuit Court
081795; A140638

245 P3d 656

Eric D. Virshbo argued the cause for appellant. With him on the briefs was MacMillan, Scholz & Marks, P.C.

Patrick L. Hadlock argued the cause for respondent. With him on the brief was Ringo, Stuber, Ensor & Hadlock, P.C.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

WOLLHEIM, P. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

## WOLLHEIM, P. J.

Plaintiff, while in the course and scope of his employment, was injured as a result of an accident with an underinsured motorist. Plaintiff obtained workers' compensation benefits from defendant, Liberty Northwest Insurance Corporation, his employer's workers' compensation insurer, and later accepted underinsured motorist (UIM) benefits from Nationwide Insurance Company of America, which insured the car in which plaintiff was a passenger. Plaintiff then filed this declaratory judgment action, seeking a declaration that he is not required to reimburse Liberty Northwest from UIM benefits received from Nationwide. Liberty Northwest responded that the trial court lacked jurisdiction to grant the requested relief, and that plaintiff had misinterpreted the relevant UIM statute. The trial court rejected the jurisdictional argument and ruled in favor of plaintiff on the merits. We affirm.

The relevant facts are undisputed. While in the course and scope of his employment, plaintiff was injured in a car accident with an underinsured motorist. Plaintiff filed a workers' compensation claim with Liberty Northwest, his employer's workers' compensation insurer. Liberty Northwest accepted the claim and paid workers' compensation benefits to plaintiff. Plaintiff also made a claim against Lopez, the driver of the other car. Lopez's automobile liability insurance limits were $50,000, and his insurer offered to settle with plaintiff for the policy limits. With Liberty Northwest's consent, plaintiff settled the claim against Lopez. *See* ORS 656.593(3) (providing that a workers' compensation claimant "may settle any third party case with the approval of the paying agency"). Of that $50,000, plaintiff then paid $22,222 to Liberty Northwest. *See* ORS 656.593(1) (setting forth formula for distribution of claimant's third-party recovery).

The car in which plaintiff was a passenger was insured under a policy with Nationwide, and under that policy, plaintiff was entitled to UIM benefits in the amount of $50,000. Nationwide offered those benefits to plaintiff, and plaintiff accepted them.[1]

---

[1] The Nationwide policy limit was $100,000, but that sum was reduced by the $50,000 paid by Lopez's insurer.

The distribution of those UIM benefits is the subject of the present dispute. Liberty Northwest takes the position that, having paid workers' compensation benefits, it is entitled to reimbursement from the UIM recovery because the payments constitute damages recovered from a third party. In plaintiff's view, however, one of the UIM statutes, ORS 742.504(4)(c), prevents Liberty Northwest from claiming any entitlement to a share of his UIM recovery. That statute provides,

> "This [UIM] *coverage does not apply so as to inure directly or indirectly to the benefit of any workers' compensation carrier*, any person or organization qualifying as a self-insurer under any workers' compensation or disability benefits law or any similar law or the State Accident Insurance Fund Corporation."

ORS 742.504(4)(c) (emphasis added).

Based on his reading of the UIM and workers' compensation statutes, plaintiff filed this declaratory judgment action. Specifically, he sought a declaration that he "is not required to reimburse [Liberty Northwest] any monies he may receive from his underinsured motorist claim against Nationwide Insurance Company[.]" Plaintiff thereafter moved for summary judgment on the claim for declaratory relief.

In its written response to the summary judgment motion, Liberty Northwest argued that plaintiff misinterpreted ORS 742.504(4)(c), and that ORS 656.593 directs that a workers' compensation insurer be reimbursed from any third-party recovery "irrespective of whether such a recovery includes proceeds from an underinsured claim." That is, Liberty Northwest engaged the merits of plaintiff's arguments. At the hearing, though, Liberty Northwest apparently raised—for the first time—an issue of subject matter jurisdiction.[2] The parties then submitted additional briefing on the jurisdictional issue.

The trial court, in a letter opinion, agreed with plaintiff regarding the jurisdictional issue. The court ruled:

---

[2] There is no transcript of the summary judgment hearing.

"The defense raised a jurisdiction issue citing ORS 656.593 and *SAIF v. Wright*, 312 Or 132 (1991) for the proposition that the Workers' Compensation Board has primary jurisdiction over this issue and should be allowed to decide it. In this discussion, the defendant mentions that the court may properly exercise its jurisdiction to review the Board's decision citing a general treatise on administrative law. However, this court does not have jurisdiction to review Board decisions in most cases and while the Board and court may have concurrent jurisdiction over this issue no law was cited providing for resolution before the Board before a case was filed in court. There was no authority cited precluding the court from deciding this matter either."

The court likewise agreed with plaintiff on the merits, ruling that "defendant has not articulated any good reason why [ORS] 742.504 does not apply and control." The court then entered a declaratory judgment in accord with plaintiff's requested relief.

■　　On appeal, Liberty Northwest now focuses primarily on its jurisdictional argument, contending that the trial court lacked subject matter jurisdiction to determine a "matter concerning a claim" under the Workers' Compensation Law. Our analysis starts, then, with the issue of subject matter jurisdiction—an issue of law.

■■　　Under the Oregon Constitution, circuit courts have subject matter jurisdiction over all actions unless some statute or other source of law divests them of jurisdiction. *State v. Terry*, 333 Or 163, 186, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002); *see* Or Const, Art VII (Original), § 9 ("All judicial power, authority, and jurisdiction not vested by this Constitution, or by laws consistent therewith, exclusively in some other Court shall belong to the Circuit Courts[.]"); Or Const, Art VII (Amended), § 2 (retaining the jurisdictional scheme set out in original Article VII). Moreover, under the declaratory judgment statutes, the legislature has given circuit courts the "power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." ORS 28.010; *see also* ORS 28.020 ("Any person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other

legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise may have determined any question of construction or validity arising under any such instrument, constitution, statute, municipal charter, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."). Nonetheless, "[a]lthough a trial court has broad power to provide declaratory relief, it lacks subject matter jurisdiction under ORS 28.010 if some other *exclusive* remedy exists." *League of Oregon Cities v. State of Oregon*, 334 Or 645, 652, 56 P3d 892 (2002) (emphasis in original).

According to Liberty Northwest, the issue of reimbursement for UIM benefits is one that should be decided, in the first instance, by the Workers' Compensation Board. In support of that proposition, Liberty Northwest relies on *SAIF v. Wright*, 312 Or 132, 136-37, 817 P2d 1317 (1991), a case in which the Supreme Court addressed whether the board had "authority under ORS 656.593 to decide that SAIF was not a 'paying agency' and thus was not entitled to any share of [a] third-party settlement." The court began by noting that the question before it—SAIF"s entitlement to a share of the third-party recovery as a "paying agency"—was, in fact, a matter within the board's jurisdiction. The court reasoned:

> "We note at the outset that 'matters concerning a claim under ORS 656.001 to 656.794' are generally within the Board's jurisdiction. ORS 656.704(1). This dispute involves a matter concerning a claim, because the amount of compensation to which claimant is entitled is directly in issue. *See* ORS 656.704(3) (providing definition).[5] The more that a paying agency is entitled to receive, the less that the claimant is entitled to retain. A paying agency's right to a share of third-party recoveries derives from its responsibility for compensation. The amount that the paying agency is entitled to recover is determined, in part, by the amount of compensation that it paid. *See generally* ORS 656.576 to 656.595 (providing procedures for paying agency to recover from third persons and noncomplying employers).[6] Moreover, ORS 656.593 gives the Board jurisdiction over the parties of a worker and a paying agency and *over the subject matter of a worker's recovery from a direct third-party action.*"

"5 ORS 656.704(3) provides in part:

" '[M]atters concerning a claim under ORS 656.001 to 656.794 are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue.'

"6 In *Schlecht v. SAIF*, 60 Or App 449, 455, 653 P2d 1284 (1982), the Court of Appeals also came to the conclusion that this type of proceeding is a matter concerning a claim."

*Wright*, 312 Or at 136 (emphasis added).

Thus, the question in *Wright* was one involving the interpretation of a workers' compensation statute, ORS 656.593, as part of a workers' compensation proceeding in which the insurer had filed a "Petition for Distribution." That is, the insurer, SAIF, had petitioned the Workers' Compensation Board for an order requiring the claimant to distribute to SAIF a "statutory share" of a third-party recovery. 312 Or at 135. And it was in that context that the court considered the issue to be within the board's jurisdiction.

Here, however, there is nothing in the record indicating that plaintiff, Liberty Northwest, or employer has requested an order from the Workers' Compensation Board that would redistribute or reduce any of plaintiff's workers' compensation benefits. Rather, plaintiff initiated a declaratory judgment proceeding in which he asked the court to declare the parties' legal relationship *vis-à-vis* a statute governing UIM recovery. We agree with the trial court's conclusion that this case is sufficiently distinguishable from *Wright*, and we are aware of nothing that divests the trial court of its general authority to declare the parties' legal rights and obligations under an insurance statute, ORS 742.504(4)(c).

■ As for the merits, we readily conclude that the trial court ruled correctly. ORS 742.504(4)(c) plainly states that UIM coverage does not "inure directly or indirectly to the benefit of any workers' compensation carrier * * *." Liberty Northwest, a workers' compensation carrier, offers no persuasive explanation as to how it can be reimbursed from

plaintiff's UIM recovery without benefitting "directly or indi-rectly" from plaintiff's UIM coverage.

Affirmed.