Argued and submitted December 16, 1991, affirmed July 8, 1992

In the Matter of the Compensation of
David A. Steiner, Claimant.

David A. STEINER,
*Petitioner,*

*v.*

E.J. BARTELLS CO.
and SAIF Corporation,
*Respondents.*

(TP-91002; CA A69593)

833 P2d 1373

See also 97 Or App 453, 777 P2d 965 (1989).

Kevin N. Keaney, Portland, argued the cause for petitioner. With him on the brief were Jeffrey S. Mutnick, Robert K. Udziela and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that he reimburse SAIF from the proceeds of his settlement of a third-party action. The disputed amount is the portion of his permanent partial disability award that was paid directly to his attorney as attorney fees under ORS 656.386(2). Claimant contends that that amount is not part of compensation subject to reimbursement under ORS 656.593(1)(c). We affirm.

Claimant sustained a compensable injury to both heels and was awarded permanent partial disability by a determination order. On review of the determination order, the referee increased the award and ordered that claimant's attorney receive a fee out of the increased compensation, not to exceed $2,000, under ORS 656.386(2). The attorney fee award was paid directly to the attorney. Consequently, claimant actually received the increased award, less the amount paid to his attorney.

Claimant brought an action against a third party for his injuries and received a judgment. ORS 656.593. SAIF notified claimant of the amount of reimbursement that it was entitled to under ORS 656.593(1)(c), including $2,000 paid to his attorney. Claimant refused to pay the latter amount, and SAIF requested that the Board resolve the issue. ORS 656.593(3). The Board held that attorney fees paid out of compensation pursuant to ORS 656.386(2) retain their identity as compensation and are reimbursable from claimant's third-party action judgment. We agree.

Claimant makes essentially three arguments. First, he argues that the fee was paid directly to claimant's counsel, pursuant to the referee's order, that he never saw that money and, thus, that he received no benefit. He argues that the fee was not compensation that he had received, which is all that SAIF is entitled to be reimbursed. Attorney fees are payable under the workers' compensation law either by the employer, in addition to any compensation, ORS 656.382(1); ORS 656.386(1); ORS 656.390, or by the claimant, from the compensation awarded. ORS 656.386(2). In the latter circumstance, attorney fees for a claimant's counsel remain the

claimant's responsibility. They may be paid out of compensation that claimant receives or from some other source. The fact that the amount allowed is paid by an administrative process directly to the attorney does not change the character of the money as compensation paid to the claimant and not attorney fees paid *by* SAIF. There was not a separate award of attorney fees to claimant or his counsel. There was an award of permanent partial disability benefits and an authorization by the referee for claimant's attorney to charge a certain amount for his services.

Claimant next argues that attorney fees, however paid, are not part of compensation. He cites *Dotson v. Bohemia, Inc.*, 80 Or App 233, 720 P2d 1345, *rev den* 302 Or 35 (1986), and *Schlecht v. SAIF*, 60 Or App 449, 653 P2d 1284 (1982). Those cases involved attorney fees payable by insurers, *in addition* to compensation. By the very definition of those awards, the fees are not compensation.

■  Claimant finally argues that, as a matter of policy, allowing SAIF to recover the amount paid to his attorney would unfairly infringe on claimant's incentive to challenge a determination order. The contention is based on claimant's persistent analysis that the fee in this case was paid by SAIF. SAIF paid claimant the compensation ordered, and claimant paid his attorney from that amount. If SAIF is denied reimbursement of all the compensation that it paid, it will have paid attorney fees in addition to compensation, contrary to ORS 656.386(2). Claimant's policy argument is best addressed elsewhere.

Affirmed.