Argued and submitted October 14, reversed and remanded November 23, 1994

In the Matter of the Marriage of

Paul A. MARES,
*Co-Petitioner,*
*and*

Amy Jo MARES,
*Co-Petitioner.*

(87-3670)

State of Oregon,
DEPARTMENT OF HUMAN RESOURCES,
*Appellant,*

*v.*

Paul A. MARES,
*Respondent,*
*and*

Amy Jo MARES,
*Obligee.*

(F652; CA A81776)

886 P2d 17

Michael C. Livingston, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

John F. Hunnicutt argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Support Enforcement Division (SED) brought this administrative proceeding, pursuant to ORS 416.400 to ORS 416.470, to determine whether respondent is the father of a child born in 1987. Respondent denied paternity, and the matter was certified to the circuit court. ORS 416.435. The trial court granted respondent's motion to dismiss. ORCP 21. We reverse.

Respondent and mother were married on April 26, 1983. On August 12, 1987, mother gave birth in Oregon to the child. The birth and medical expenses were paid by public assistance. On December 15, 1987, respondent and mother filed a co-petition for dissolution, filling in blanks on a printed form. At that time mother was on public assistance.

The co-petition stated that there were no children born "during" the marriage, and the affidavit of respondent and mother, filed on March 22, 1988, with the application for dissolution judgment, made similar representations. On March 30, 1988, judgment was entered stating "[t]hat n/a is awarded custody of the minor child(ren) of the parties" and making no award of child support.

In August, 1992, mother applied for public assistance in Oklahoma. In her application, she stated, *inter alia*, that she had been living with respondent when she became pregnant with the child, had not had sexual intercourse with anyone other than respondent for 30 days before and after the date of conception and that respondent is named on the child's certificate of birth.

In response to a request from Oklahoma, pursuant to the Revised Uniform Reciprocal Enforcement of Support Act, ORS 110.005 *et seq*, SED started these proceedings to determine paternity. It also sought to establish respondent's obligation to reimburse the public assistance paid on behalf of the child and to provide for the child's future support, should respondent be determined the father. The state also filed a motion in the dissolution proceeding to set aside the provisions of the dissolution decree that declared that respondent is not the father of the child born during the marriage. The trial court granted respondent's motions to dismiss the

motion in the dissolution proceeding and also to dismiss the filiation proceeding.

The state argues that the court erred in concluding that the dissolution judgment barred the state's filiation proceeding. It argues that respondent failed to provide the state notice of the dissolution proceeding, required under ORS 107.087,[1] and, therefore, the provisions of the dissolution judgment do not apply against the state, because it had no opportunity to appear.

Respondent contends that the state has no right to intervene in the dissolution or set aside the judgment. He argues that he was not obligated, under ORS 107.087, to provide the state with a copy of the dissolution petition, because there was no dependent child on public assistance when the dissolution petition was filed and, if he had no duty under that statute, "then where does SED come off trying to undo something that is none of their business?" He contends that the state has no right to seek determination of paternity when that issue had been litigated and decided more than four years earlier.

Respondent is correct that the state could not "undo" the provisions of the dissolution judgment. The parties to the dissolution were respondent and mother, and the judgment determined issues between them. The trial court did not err in dismissing the state's motion to set aside provisions of that judgment. However, respondent is not correct that that judgment prevents the state from seeking to establish that he is the child's father.

This situation is discussed in *Restatement (Second) Judgments* section 76 (1982):

> "[A] person who is not bound by a judgment under the rules of res judicata may obtain a determination that the judgment

---

[1] ORS 107.087 provides:

"Whenever a suit for dissolution, separation or annulment is initiated under ORS 107.085 and aid, as defined in ORS 418.035(2), is being granted to or on behalf of any dependent child or children, natural or adopted, of the parties, a true copy of the petition shall be served by mail or personal delivery on the Administrator of the Support Enforcement Division of the Department of Justice, or on the branch office of the division providing service to the county in which the suit is filed."

is ineffective as to him through an action to restrain enforcement of the judgment, for a declaration that the judgment is ineffective as to him, or similar relief, when:

"(1) The existence of the judgment jeopardizes a protectible interest of his; and

"(2) The character of his interest warrants his being given relief forthwith rather than on a future occasion.

"Comment:

"a. *Rationale.* Generally speaking, a judgment is of no legal concern to a person who is neither a party to it nor otherwise bound by it under the rules of res judicata. A judgment determines issues and claims only among those who are so bound and does not preclude another person from litigating the same issues afresh, nor does it preclude him from enforcing claims that are inconsistent with those that have been adjudicated. So far as such a third person is concerned, a judgment between others has no greater effect than a contract or conveyance between others. Ordinarily, therefore, he can simply ignore it in connection with the assertion of his own rights. * * *

"If such a judgment is relied upon by an opposing party in a subsequent litigation, the question arises whether the judgment is binding upon the person against whom it is invoked. * * *

"* * * * *

"[One] situation is presented by a judgment concerning status that affects persons other than those immediately involved, such as divorce between a person's parents or the legal termination of a parent-child relationship between others. Such a change of status is not invariably given effect when the rights of third persons are involved. * * * [T]here are situations in which a status determination will be given effect with respect to other persons but is open to challenge by them, at least under some conditions. In these circumstances, a person whose own interests are affected by the status determination may attack the status determination. However, to protect the stability of status determinations, opportunity for such an attack may be afforded only when the judgment determining the status is relied on by someone else in a subsequent action." (Emphasis in original.)

Here, the state was not a party in the dissolution proceeding and is not bound by issue preclusion: In the dissolution proceeding paternity of the child was not an issue,

and the issue was not litigated; SED had no notice or opportunity to be heard; SED was not in privity with mother in the dissolution proceeding; and the uncontested dissolution proceeding determined on affidavits is not the type of proceeding to which the court should give preclusive effect on the issue here. *See Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993).

Furthermore, the state has an interest that is jeopardized by respondent's reliance on the dissolution judgment. The legislature has provided that the payments made on behalf of a dependent child are a state debt. Because respondent claims that the issue of paternity has been litigated, the state is unable to pursue the statutory avenue to recoup that debt.[2] The dissolution judgment does not preclude the state from seeking a determination, through the filiation proceeding, that the state is not bound by the determination in the dissolution judgment that respondent is not the father of the child born during the marriage.[3] The trial court erred in dismissing the filiation proceeding.

Reversed and remanded.

---

[2] When the state pays public assistance for the benefit of a dependent child, the payment creates a "state debt" that is owed by the parents. ORS 416.410. By operation of law, the receipt of public assistance effects an assignment to the Department of Human Resources (DHR) of child support rights. *See* ORS 418.042. DHR, through SED, is authorized to recoup the "state debt" and provide for the child's future support. *See* ORS 418.042; ORS 109.015. SED is authorized to pursue those same remedies on request from other states. *See* ORS 109.015; ORS ch 110; ORS 416.415.

[3] There is a disputable presumption, if not a conclusive presumption, that respondent is the father of the child. *See* ORS 109.070(1), (2).