Argued and submitted December 18, 1995, affirmed July 31, 1996

In the Matter of the Compensation of
Darlene L. Bartz, Claimant.

## JELD-WEN, INC.,
*Petitioner,*

*v.*

## Darlene L. BARTZ,
*Respondent.*

(94-08692; CA A88944)

921 P2d 419

Jaurene R. Judy argued the cause and filed the brief for appellant.

Philip H. Garrow argued the cause for respondent. With him on the brief was Janet H. Breyer.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Employer seeks judicial review of an order of the Workers' Compensation Board requiring it to pay temporary total disability benefits in accordance with an earlier order requiring it to do the same. We affirm.

In 1991, claimant filed a claim for bilateral carpal tunnel syndrome (CTS) and bilateral osteoarthritis of the thumbs. Employer denied both claims. On January 13, 1993, the Board upheld the denial as to the osteoarthritis claim, but overturned it as to the CTS claim and remanded the claim to employer for "processing according to law." Employer sought our review with respect to the CTS claim. In the meantime, however, it did not process the CTS claim. We affirmed the Board. *Jeld-Wen, Inc. v. Bartz*, 123 Or App 359, 859 P2d 1208 (1993).

Claimant requested a hearing on her entitlement to benefits during the pendency of judicial review. On October 18, 1993, the administrative law judge (ALJ) ordered employer to pay temporary total disability benefits from January 14, 1993, the date following the Board's order requiring processing of the claim, and continuing until either the claim is lawfully closed or the Board's order is reversed, as required by ORS 656.313(1).[1]

On October 30, 1993, employer issued a notice of closure declaring claimant medically stationary as of September 9, 1992, and paid claimant temporary total disability benefits through that date. Employer did not, however, pay the benefits from January 14, 1993, through October 30, 1993, the date of closure. Claimant requested a hearing on the notice of closure; the disposition of that proceeding is not before us.

---

[1] At the time, ORS 656.313(1)(a) provided:

"Filing by an employer or the insurer of a request for hearing on a reconsideration order or a request for board review or court appeal stays payment of the compensation appealed, except for:

"(A) Temporary disability benefits that accrue from the date of the order appealed from until closure under ORS 656.268, or until the order appealed from is itself reversed, whichever event first occurs[.]"

In 1995, the legislature amended that statute in a manner not relevant to the disposition of this case.

On May 17, 1994, the Board affirmed the ALJ's October 18, 1993, order requiring employer to pay temporary total disability benefits pursuant to ORS 656.313(1). Employer did not petition for judicial review of the Board's order. Still, employer did not pay claimant temporary total disability benefits as ordered. Claimant then initiated this action to enforce the Board's May 17, 1994, order.

On December 1, 1994, the ALJ ordered employer to pay temporary total disability benefits from January 14, 1993, through October 30, 1993. The ALJ also assessed a penalty and awarded attorney fees. The Board affirmed, and it is that decision employer now asks us to reverse.

Employer argues that the Board erred, because, following the Board's decision, the legislature amended the workers' compensation statutes to eliminate the requirement that employers pay benefits pending an appeal. Claimant argues that any amendments to the statutes are immaterial to the disposition of this case, because the Board's unchallenged May 17, 1994, order requiring the payment of such benefits became final and is not subject to collateral challenge. In the alternative, claimant argues that the 1995 amendments to the workers' compensation statutes do not alter in any way the extent to which employers must pay benefits while judicial review is pending.

■■ We need not address the asserted effect of the 1995 statutory amendments, because we agree with claimant that they are beside the point. On May 17, 1994, the Board ordered employer to pay temporary total disability benefits commencing January 14, 1993. Employer did not seek judicial review of that order. In a separate proceeding, claimant obtained an order requiring employer to comply with the May 17, 1994, final order. Employer's only argument in opposition is that the final order was invalid. It is too late to make such an argument. Collateral attacks on final orders of the Board are not permitted. *King v. Building Supply Discount*, 133 Or App 179, 182-83, 889 P2d 1310 (1995); *Vanslyke v. Fred Meyer, Inc.*, 108 Or App 493, 494, 816 P2d 664, *rev den* 312 Or 528 (1991).

■ The 1995 amendments to the workers' compensation statutes do not have the effect of retroactively invalidating

the 1994 order, even assuming the amendments read as employer suggests. Section 66(5)(a) of the 1995 Act provides:

> "The amendments to statutes by this Act and new sections added to ORS chapter 656 by this Act do not apply to any matter for which an order or decision has become final on or before the effective date of this Act."

Or Laws 1995, ch 332, § 66. In *Volk v. America West Airlines,* 135 Or App 565, 569, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996), we held that the foregoing provision means that

> "the legislature intended the changes in the law to apply to Board orders for which the time to appeal had not yet expired on the effective date of the Act or, if the case had been appealed, to any case that was still pending before the court on the effective date of the legislation."

The bill containing the amendments to the workers' compensation statutes contained an emergency clause and became effective on June 7, 1995. By that time, the Board's unappealed May 17, 1994, order had become final. Thus, the 1995 amendments—whatever they may say about payment of benefits pending appeal—do not affect the validity of the Board's 1994 order.

Affirmed.