Argued and submitted July 15, affirmed November 25, 1998

In the Matter of the Compensation of
Kenneth D. LeGore, Claimant.

Kenneth D. LEGORE,
*Petitioner,*

*v.*

SELF-INSURED MANAGEMENT SERVICES,
*Respondent.*

(TP-96006; CA A99764)

972 P2d 892

Nancy FA Chapman argued the cause for petitioner. With her on the brief was Kevin Keaney.

Vera Langer argued the cause for respondent. With her on the brief was Scheminske, Lyons & Bussman, LLP.

Before Edmonds, Presiding Judge, and Armstrong and Wollheim, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Claimant seeks judicial review of a third-party order of the Workers' Compensation Board (Board) requiring that the parties take all actions necessary to effectuate an earlier order that granted all third-party settlement proceeds to the paying agency in accordance with the distribution provisions of ORS 656.591(2).[1] We affirm.

We state the facts as found by the Board in its initial order or that are uncontested. On November 27, 1993, claimant suffered a compensable injury when his truck was struck by another vehicle. Self-Insured Management Services (SIMS), the paying agency, accepted the injuries and paid compensation.[2] During the fall of 1995, claimant, through his attorney, filed a third-party claim in Wasco County Circuit Court against the driver of the vehicle. Thereafter, claimant's attorney repeatedly acknowledged to SIMS claimant's intention to assign the third-party claim to SIMS and to have SIMS incur the litigation costs in pursuing the claim. On March 6, 1996, claimant's attorney advised SIMS that "claimant intended to 'tender the [third-party] claim back to SIMS to proceed to trial.'" (Brackets in original.) SIMS's attorney responded that SIMS interpreted the communication to constitute an assignment of claimant's third-party claim under ORS 656.591. Thereafter, claimant's attorney moved to withdraw as the attorney of record in the circuit court proceedings. Claimant's and SIMS's attorneys continued to exchange correspondence regarding whether and when an assignment had been made and the legal effect of

---

[1] ORS 656.591 provides, in part:

"(1) An election made pursuant to ORS 656.578 not to proceed against the * * * third person operates as an assignment to the paying agency of the cause of action * * * of the worker * * * against the * * * third person, and the paying agency may bring action against such * * * third person in the name of the injured worker * * *.

"(2) Any sum recovered by the paying agency in excess of the expenses incurred in making such recovery and the amount expended by the paying agency for compensation, first aid or other medical, surgical or hospital service, together with the present worth of the monthly payments of compensation to which such worker or other beneficiaries may be entitled under this chapter, shall be paid such worker or other beneficiaries."

[2] As of November 26, 1996, SIMS had paid $27,505 in compensation.

any assignment. Apparently, during this time, claimant's attorney filed a lien pursuant to ORS 87.445[3] in the circuit court proceeding.

SIMS's attorney conducted settlement negotiations with the driver's legal representatives and eventually sent claimant's attorney a letter stating that SIMS and the driver intended to settle the circuit court case. The letter indicated that: (1) the action would be settled for $10,000; (2) the check would be issued to claimant, his attorney and SIMS; (3) claimant, his attorney and SIMS would sign a release; and (4) the settlement proceeds would be distributed pursuant to a final third-party distribution order. Thereafter, claimant signed the release; a check payable to claimant, his attorney and the paying agency was issued; and the circuit court entered judgment dismissing the third-party claim.

Claimant and SIMS then petitioned the Board to resolve the issues concerning the distribution of settlement proceeds. Claimant argued that SIMS was not entitled to the proceeds because no assignment had occurred or that, if an assignment had occurred, it had been revoked or reassigned. The Board rejected claimant's arguments. It concluded:

> "SIMS is authorized to distribute the proceeds of the third-party recovery pursuant to ORS 656.591(2). SIMS's current uncontested lien of $27,505 attaches to the entire $10,000 settlement. * * *
>
> "Accordingly, SIMS's counsel is directed to forward the $10,000 settlement check to SIMS as partial reimbursement for its third-party lien."

That order became final when claimant failed to seek review.

When claimant's attorney failed to endorse the settlement check so that a distribution pursuant to the order could occur, SIMS requested that the Board issue a second order requiring the endorsement. Claimant argued to the

---

[3] ORS 87.445 provides:

"An attorney has a lien upon actions, suits and proceedings after the commencement thereof, and judgments, decrees, orders and awards entered therein in the client's favor and the proceeds thereof to the extent of fees and compensation specially agreed upon with the client, or if there is no agreement, for the reasonable value of the services of the attorney."

Board that its earlier order did not explicitly direct his attorney to endorse the settlement check and asserted, *for the first time,* that the Board lacked authority because of the priority of his attorney's lien. In its subsequent order, the Board reasoned:

> "ORS 656.591 gives us jurisdiction over the parties and the subject matter of claimant's assignment of his third-party claim to SIMS. Because the parties continue to have a dispute regarding the distribution of third-party settlement proceeds and because that conflict arises from a disagreement regarding our prior order addressing the assignment of claimant's cause of action under ORS 656.591, we conclude that we are authorized to resolve this matter."

(Citations omitted.) In response to claimant's arguments, the Board noted that, although "we have no authority to comment on matters outside of this third-party dispute, we do have the authority to determine, as we already have in this case, that the paying agency's lien applies to the entire third-party settlement under ORS 656.591." The Board directed the parties to "take any and all actions necessary to achieve the ultimate conclusion reached by our prior final order, *i.e.,* that SIMS is entitled to the entire proceeds of the third-party settlement." The Board noted:

> "Although we did not expressly direct claimant's counsel to endorse the check, we did find, based on the record (which included the attorneys' correspondence concerning the third-party settlement), that the parties agreed that the check would be issued to claimant, his counsel and SIMS jointly and that the settlement proceeds 'would be distributed in conformance with a final third-party distribution order.' Claimant neither challenged these findings, nor did he seek inclusion of the 'condition' which he presently asserts, *i.e.,* that his counsel would endorse the settlement check only if so directed by the Board. Because our prior order has become final, claimant is now precluded from asserting such a condition. Moreover, such actions are in contravention of both his counsel's prior agreement and the final third-party distribution order."

(Citation omitted.)

Claimant seeks review of only the Board's second order. He contends that when the Board ordered his attorney

to endorse the settlement check to SIMS, it gave priority to SIMS's lien over his attorney's lien and that the Board had no jurisdiction to determine the priority of an attorney lien created under ORS chapter 87. Furthermore, claimant contends that ORS chapter 656 does not affect the efficacy of his attorney's lien or require the satisfaction of SIMS's lien before his attorney's lien. SIMS counters that the Board had jurisdiction to resolve the continuing dispute involving the distribution of the third-party settlement proceeds and that the issues of claimant's assignment of his third-party claim to SIMS and the proper distribution of settlement proceeds were decided conclusively in the initial order. Thus, claimant cannot collaterally attack those determinations in this judicial review. In the alternative, SIMS contends that the attorney lien provisions in ORS chapter 87 do not affect the distribution provisions under ORS chapter 656.

■■  The Board has jurisdiction of matters concerning a claim. ORS 656.704; *SAIF v. Wright*, 312 Or 132, 136, 817 P2d 1317 (1991). Matters concerning a claim "are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue." ORS 656.704(3). In *EBI Companies v. Cooper*, 100 Or App 246, 248-49, 785 P2d 380 (1990), we held that a dispute concerning the claimant's right to rescind an election under ORS 656.591 and the proper distribution of third-party settlement proceeds was a matter concerning a claim

> "because the worker's right to receive compensation is directly in issue. The paying agency's right to distribution of third-party recoveries is derived from its responsibility for compensation, and the amount distributed is determined in part by the amount of compensation paid. ORS 656.591 gives the Board jurisdiction over the parties and the subject matter of an election by a worker to assign his third-party claim to a paying agency."

(Citations omitted.) In *Harvey v. Lou Surcamp Logging*, 100 Or App 227, 229-30 n 1, 785 P2d 383 (1990), we held that, because a matter concerning a claim includes a dispute involving whether settlement proceeds from a third-party claim should be distributed pursuant to ORS 656.591 or ORS 656.593, the Board had jurisdiction over the disposition of the

proceeds. In accordance with those decisions, we hold that the Board had jurisdiction to enter its initial order.

■ We now turn to whether claimant can relitigate the settlement distribution provisions in the initial order. The rule regarding claim preclusion is that

> " 'a plaintiff who has prosecuted one action against a defendant through to a final judgment * * * is barred [*i.e.*, precluded] * * * from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.' "

*Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990) (quoting *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982)) (brackets in original).

In *Jeld-Wen, Inc. v. Bartz*, 142 Or App 433, 436, 921 P2d 419 (1996), we held that "[c]ollateral attacks on final orders of the Board are not permitted." The facts of *Jeld-Wen* are similar to the facts of this case. In *Jeld-Wen*, the Board affirmed an administrative law judge's (ALJ's) order requiring the employer to pay certain benefits. The employer did not seek review of the Board's order, and it became final. However, the employer refused to pay the benefits as ordered. The claimant then requested that the Board's first order be enforced. An ALJ again ordered the employer to pay the benefits, and the Board affirmed. The employer sought review of the Board's second order in this court. We ruled that the employer could not litigate the validity of the first order because that would allow him collaterally to attack an order for which he had not sought judicial review.

Here, the Board's initial order resolved the dispute concerning the distribution of settlement proceeds by concluding that SIMS was entitled to all of the proceeds. Implicit in this order is the requirement that claimant's attorney effectuate the order by endorsing the settlement check. Claimant could have raised the effect of the attorney's lien on

the settlement proceeds to the Board at that time; an argument that, if successful, could have resulted in a different distribution of the proceeds. Even if the initial order was erroneous, claimant did not seek judicial review, and the initial order became final and binding on the parties. On review, claimant seeks to relitigate the same factual transaction on which the Board issued its initial order by raising a new legal theory that he could have raised in the first proceeding. It follows that claimant cannot collaterally attack the distribution provisions of the initial order.

Affirmed.