Argued and submitted June 26, affirmed September 27, 2000

Patricia L. COUCH,
*Appellant,*

*v.*

Jack Jeffrey COUCH
and Brandy Marie Joye,
*Defendants,*

*and*

STATE ex rel STATE OFFICE FOR SERVICES
TO CHILDREN AND FAMILIES,
*Respondent.*

(95C-32145; CA A104100)

11 P3d 255

Kevin T. Lafky argued the cause and filed the brief for appellant.

Judy Lucas, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Michael C. Livingston, Assistant Attorney General.

Before Deits, Chief Judge, and Wollheim and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Plaintiff appeals from a summary judgment in favor of defendant State Office for Services to Children and Families (SCF), which declared that her grandparent visitation rights were terminated after her grandchildren were adopted. We view the summary judgment record in the light most favorable to plaintiff, the nonmoving party, to determine if a genuine issue of fact exists and if SCF was entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). We affirm.

The material facts are undisputed. Plaintiff is the mother of Jack Couch and is the grandmother of his biological children, Jack Jeffrey and Tarra Marie (the children). On March 20, 1995, plaintiff filed a petition for grandparent visitation rights pursuant to ORS 109.121.[1] The petition named Jack Couch and the children's mother, Brandy Marie Joye, as

---

[1] ORS 109.121 provides, in part:

"(1)(a) A child's grandparent may, upon petition to the circuit court, be granted an order establishing reasonable rights of visitation between the grandparent and the child if:

"(A) The grandparent has established or has attempted to establish ongoing personal contact with the child; and

"(B) The custodian of the child has denied the grandparent reasonable opportunity to visit the child.

"* * * * *

"(3) When a petition is filed with a court under this section, notice of the filing and a copy of the petition shall be served on the parents or other custodians of the minor children named in the petition in the manner provided by law for service of a summons.

"(4) When a petition is filed under this section, if it appears from the petition that the petitioners may seek visitation rights under this section, the court shall conduct a hearing to determine whether an order creating visitation rights will be issued. The court shall cause notice of the time and place of the hearing to be given to the parents or other custodians of the minor children named in the petition. The court may require the attendance of the parents or other custodians and of witnesses as in other civil cases. * * *

"* * * * *

"(7) As used in this section:

"* * * * *

"(b) 'Minor child' means a natural minor child, provided the paternity of such child has been established under ORS 109.070 or acknowledged under ORS 109.092."

respondents. At the time the petition was filed, the children were in the temporary custody of SCF. However, SCF was not made a party to the visitation action. The children's parents did not appear in the action and, on August 22, the court entered a default judgment against them, granting grandparent visitation rights to plaintiff.

On May 15, 1996, a judgment terminating the parental rights of the children's parents was entered in the juvenile dependency proceeding. The judgment permanently committed the children to the custody of SCF and granted SCF authority to consent to the adoption of the children. On October 24, plaintiff's attorney notified SCF of the grandparent visitation judgment. On February 24, 1997, SCF filed a motion to consolidate the juvenile proceeding with the visitation action. The trial court granted that motion. On May 1, SCF filed a motion to set aside the visitation judgment. The court denied that motion as "not timely under ORCP 71." On August 13, SCF advised plaintiff that the children's prospective adoptive parents were not willing to agree to visitation. In January 1998, a judgment of adoption was entered with respect to the children.

In February 1998, plaintiff filed a supplemental complaint in the consolidated action in which she sought a declaratory judgment directing SCF to comply with the visitation judgment. The supplemental complaint alleged:

"Defendant SCF, although not a party to the [visitation] judgment, is the current custodian of the children. Defendant SCF, by refusing to obey prior court orders to grant plaintiff visitation with her grandchildren, has denied plaintiff the companionship of her grandchildren."

SCF moved for summary judgment, arguing, among other things, that (1) the judgment terminating the children's parents' parental rights also terminated plaintiff's legal status as a grandparent; (2) plaintiff's visitation rights were nullified by the adoption of the children; and (3) the visitation judgment did not bind SCF because it was not served with the petition in that proceeding.

The trial court granted the motion, relying on this court's decision in *State ex rel Grant and Keegan*, 114 Or App

549, 836 P2d 167, *rev den* 314 Or 728 (1992). In *Grant*, we reversed a judgment enforcing a grandparent visitation judgment after the grandchild had been adopted. *Id.* at 551. We rejected the grandparent's argument that his visitation rights could not be affected by the adoption judgment because he had not received notice of the adoption proceeding. We held that the grandparent's due process rights had not been violated, because he had been provided with an opportunity to be heard in the trial court in the *present* proceeding. *Id.* at 553. We concluded that the adoption had terminated the grandparent's visitation rights because "[the legislature] has declared [pursuant to ORS 109.041(1)(b)] that, after an adoption, the relationship and rights of the natural parents and their kindred shall be the same as if the adopted person had been born to the adoptive parents and had not been born to the natural parents." *Id.* at 553-54 (footnote omitted).

The trial court criticized *Grant*, stating that

> "the logic of *Grant* is faulty in that it first states that due process was satisfied by the post adoption hearing held in the trial below in that case, and then it reversed the trial court's judgment upholding visitation rights in that very hearing * * *.
>
> "It is inconsistent with any notion of due process that I am familiar with to conclude that a meaningless post adoption hearing is sufficient to comply with a prior right to notice and a hearing before important liberty interests are taken away."

Nevertheless, the court granted summary judgment to SCF, concluding that *Grant* "cannot be factually distinguished from the present case in any intellectually honest fashion."

Plaintiff appeals; she assigns error to the trial court's refusal to permit her to collaterally attack the adoption judgment in order to enforce her visitation rights. Echoing the trial court's criticism of *Grant*, she urges us to overrule that decision on due process grounds. SCF responds that the visitation judgment was entered against the children's parents and, therefore, neither SCF nor the adoptive parents are bound by it. In addition, SCF relies on *Grant* for two propositions: First, that the adoption of the children terminated

plaintiff's legal status as a grandparent under ORS 109.041(1)(b) and, derivatively, nullified her visitation rights under ORS 109.121. Second, SCF argues that plaintiff's due process challenge is meritless in light of *Grant*.

■   We decline plaintiff's invitation to reconsider our decision in *Grant* because she would not, in any event, be entitled to reversal. As noted, as a separate ground for summary judgment, SCF asserted that it was not bound by the visitation judgment because it was not served with the petition in that proceeding. Because plaintiff's claim depends—at its threshold—upon the preclusive effect of the visitation judgment, we begin our analysis with that issue. *Kinross Copper Corp. v. State of Oregon*, 160 Or App 513, 520, 981 P2d 833, *on recons* 163 Or App 357, 988 P2d 400 (1999), *rev den* 330 Or 71 (2000) (an appellate court is not confined to reasoning of trial court's summary judgment decision and may instead affirm on an alternative ground, provided that no additional record is required in order to do so).

The statute under which plaintiff was awarded visitation requires that the petitioner serve "the parents or other custodians of the minor children named in the petition." ORS 109.121(3). SCF was the legal custodian of the children when the visitation proceeding was initiated. However, plaintiff did not name SCF as a party, nor did plaintiff serve the agency with a copy of her petition seeking visitation rights. Thus, SCF was deprived of the opportunity to be heard before entry of the judgment with respect to whether grandparent visitation was in the best interests of the children. In view of plaintiff's noncompliance with the statutory service requirement, SCF was not bound by the judgment.

■■   A judgment is of no legal effect with respect to a person who is neither a party to it nor is otherwise bound by it under the rules of judgment preclusion. *Mares and Mares*, 131 Or App 439, 443, 886 P2d 17 (1994). Generally speaking, a judgment will not bind a nonparty unless the nonparty was in privity with a party to the underlying action. *Stevens v. Horton*, 161 Or App 454, 461, 984 P2d 868 (1999). Plaintiff does not contend that SCF was in privity with the children's parents in the visitation proceeding, and obviously it was not. SCF had assumed temporary custody of the children before

the visitation proceeding was commenced and was entitled to be heard in its own right.

A possible exception to the privity requirement is recognized when a judgment that determines the legal status of persons

> " 'affects persons other than those immediately involved, such as divorce between a person's parents or the legal termination of a parent-child relationship between others. Such a change of status is not invariably given effect when the rights of third persons are involved. * * * [T]here are situations in which a status determination will be given effect with respect to other persons but is open to challenge by them, at least under some conditions. In these circumstances, a person whose own interests are affected by the status determination may attack the status determination.' " *Mares*, 131 Or App at 443 (quoting and applying *Restatement (Second) of Judgments* § 76 (1982)).

In *Mares*, we held that an uncontested dissolution judgment reciting that no children were born to the parties did not, in a later filiation proceeding, preclude the Support Enforcement Division (SED) from seeking a determination that the husband was the father of the wife's child. *Id.* at 444. We explained that

> "SED had no notice or opportunity to be heard; SED was not in privity with mother in the dissolution proceeding; and the uncontested dissolution proceeding determined on affidavits is not the type of proceeding to which the court should give preclusive effect on the issue here." *Id.*

Here, as in *Mares*, SCF was not a party or in privity with a party in the uncontested proceeding that affected its interests. However, unlike the circumstances in *Mares*, SCF was entitled by statute to receive service of the visitation petition. Because SCF was not served, plaintiff's position reduces to an even less tenable one than was asserted by the putative father in *Mares*: she seeks to enforce a judgment against a nonparty who was entitled to service but whom she failed to serve. The visitation judgment is not entitled to preclusive effect against SCF under these circumstances.

Because SCF was not bound by the visitation judgment, we have no present occasion to revisit our decision in

*Grant*.[2] The trial court did not err in granting summary judgment to SCF.

　　Affirmed.

---

[2] After *Grant* was decided, the 1993 Legislature enacted ORS 109.332. That statute provides, in part:

　　"(1) When a petition has been filed under ORS 109.309 concerning the adoption *by a stepparent* of a child, a grandparent served with a copy of the petition under ORS 109.309(6) may file a motion with the court asking the court to award a grandparent the right to regular visitation with the child after the adoption. A motion under this subsection must be filed no later than 30 days after service of the petition.

　　"* * * * *

　　"(3) In a stepparent adoption, a grandparent whose visitation rights were terminated as a result of an adoption prior to August 23, 1993, may petition to have the visitation rights restored. The petition must be filed within one year after August 23, 1993. The court shall restore the visitation rights, unless the court finds that restoration of visitation rights is not in the best interests of the child." (Emphasis added.)

The statute does not provide for grandparent visitation following nonstepparent adoptions, nor does it expressly address the effect of an adoption judgment entered after August 23, 1993, on a preexisting grandparent visitation judgment. Our review discloses no other legislative enactment, apart from ORS 109.332, that meaningfully bears on the issues decided in *Grant*.