Argued and submitted May 10, 1999, reversed and remanded November 8, 2000

In the Matter of the Compensation of
David A. Steiner, Claimant.

David A. STEINER,
*Petitioner,*

*v.*

E.J. BARTELLS CO.,
and SAIF Corporation,
*Respondents.*

(WCB TP98003; CA A102725)

13 P3d 1050

Meagan A. Flynn argued the cause for petitioner. With her on the brief was Pozzi Wilson Atchison, LLP.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondents. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

The question in this workers' compensation case is whether the Workers' Compensation Board (Board) has the authority to order claimant's attorney to pay an unpaid lien amount out of the attorney's personal funds when the attorney had already disbursed the entire third-party judgment proceeds to claimant, SAIF Corporation (SAIF), and to himself for the costs and attorney fees of the third-party judgment. We hold that the Board is not authorized by statute to order such a payment. Accordingly, we reverse and remand to the Board.

The facts are undisputed. Claimant suffered an injury in 1984. SAIF accepted and paid the claim. Claimant also filed a third-party action for damages that resulted in claimant obtaining a judgment in excess of $300,000. The dispute arose because the parties[1]—claimant and SAIF—disagreed on the amount of SAIF's statutory lien. SAIF contended that its lien was $30,465.92. Claimant argued that this amount was too large because it included almost $1,800 in attorney fees paid to claimant out of an award of increased permanent partial disability. In August 1989, claimant's attorney issued three checks from his client's trust account. The first check was to himself for the costs and attorney fees on the third-party claim; the second check was to SAIF for the amount of its lien, less the approximately $1,800 in dispute here; and the third check was to claimant for the balance. After those disbursements, claimant's attorney did not hold any sums from the third-party judgment proceeds.

After claimant's attorney disbursed the proceeds from the third-party judgment, SAIF petitioned the Board to resolve this dispute. In its 1991 third-party distribution order, the Board held that the amount SAIF sought was accurate. The Board explained that, because the disputed attorney fees were payable out of claimant's increased permanent disability award, the attorney fees retained their identity as

---

[1] ORS 656.005(21) defines "party" as the claimant, the employer, and the insurer, if any. Similarly, OAR 438-005-0040(11) defines "party" as the claimant, the employer, including a noncomplying employer, a processing agent under ORS 656.054, and an insurer.

compensation. Pursuant to ORS 656.593(1)(c), SAIF was entitled to be reimbursed for "its expenditures for compensation." Therefore, the Board ordered that the disputed amount be paid to SAIF.[2] Claimant petitioned this court for review of the Board's order and we affirmed. *Steiner v. E.J. Bartells Co.*, 114 Or App 22, 833 P2d 1373 (1992).

Nothing happened for several years. In 1995, SAIF requested a status report from claimant's attorney. That response did not satisfy SAIF. In 1996, SAIF argued, for the first time, that claimant's attorney was personally responsible for the disputed amount because the attorney improperly distributed it to claimant. SAIF petitioned the Board for another order. In its June 1998 third-party distribution order, the Board directed claimant's attorney personally to pay the disputed amount to SAIF. Claimant then filed this petition for judicial review.

Claimant argues that, while the Board has authority to resolve disputes concerning the distribution of the proceeds from a third-party judgment, it lacks authority to order claimant's attorney personally to pay SAIF money it is entitled to collect from the proceeds of the third-party judgment. Claimant suggests that the disputed amount be treated as an overpayment. SAIF rejects claimant's arguments on the merits, but it also argues that claim preclusion prevents claimant from making that argument on behalf of his attorney, because claimant failed to do so in the first Board proceeding. SAIF posits that allowing claimant to make such an argument now would constitute an impermissible collateral attack on a final Board order. We disagree with SAIF and conclude that claimant is correct.

■ As a preliminary matter, SAIF mistakenly describes the preclusion issue before us as claim preclusion. *See Drews v. EBI Companies*, 310 Or 134, 139-45, 795 P2d 531 (1990) (discussing claim and issue preclusion and their application to administrative proceedings). The collateral estoppel SAIF seeks invokes the doctrine of issue preclusion.

---

[2] Neither the Board nor the parties considered that all the proceeds from the third-party judgment had already been disbursed by claimant's attorney.

 Issue preclusion does not apply here because, *inter alia,* one of the essential elements of the preclusion doctrine is not present. The preclusion doctrine—be it issue or claim preclusion—requires that "[t]he party sought to be precluded was a party or was in privity with a party to the prior proceeding." *Nelson v. Emerald People's Utility Dist.,* 318 Or 99, 104, 862 P2d 1293 (1993). *See also Couch v. Couch,* 170 Or App 98, 103, 11 P3d 255 (2000) (generally a judgment will not bind a nonparty unless the nonparty was in privity with a party to the underlying action). Claimant's attorney was not a party in the prior proceeding that resulted in the 1991 third-party distribution order. ORS 656.005(21). Nor was claimant's attorney in privity with claimant for purposes of issue preclusion. Individuals in privity with a named party include those who control the prior action but are not a party to it. *Stevens v. Horton,* 161 Or App 454, 462, 984 P2d 868 (1999). *See also* ORS 43.130(2) and *Restatement (Second) of Judgments* § 34(3) (1982).[3] An attorney does not control a legal action for purposes of privity. *Cf. Caldwell v. Lucas,* 170 Or App 587, 13 P3d 560 (2000) ("The term 'party' for example, commonly refers to the party's attorney, as well, even though, strictly speaking, the attorney is not the party.").

SAIF's brief does not address the issue of privity. Rather, SAIF presumes that the privity requirement is satisfied. On this record, we conclude that the issue preclusion doctrine does not bar claimant's attorney from arguing, via claimant, that he is not required to pay SAIF from his personal funds because he was not a party, or in privity with a party, in the first Board proceeding.

Just as important, claimant's appeal does not amount to a collateral attack on a final Board order. *See Jeld-Wen, Inc. v. Bartz,* 142 Or App 433, 436, 921 P2d 419 (1996) (describing collateral attack on final order). Claimant is not attacking the Board's 1991 third-party distribution

---

[3] ORS 43.130(2) provides, in part, that a prior final order is "conclusive between the parties" in any subsequent proceeding. The implication is that a prior final order is not preclusive on nonparties to the prior proceeding.

*Restatement (Second) of Judgments* § 34(3) (1982) provides that "[a] person who is not a party to an action is not bound by or entitled to the benefits of the rules of res judicata * * *."

order that concluded that SAIF was entitled to reimbursement of the disputed amount from claimant's third-party judgment proceeds. Rather, claimant attacks the solitary issue, addressed for the first time in the Board's 1998 order, of whether claimant's attorney is *personally* liable for the disputed amount.

■ We next consider whether the Board had the authority to order claimant's attorney to pay SAIF personally. Recently, in *Gaynor v. Board of Parole*, 165 Or App 609, 996 P2d 1020 (2000), we discussed an agency's statutory authority to act:

> "It is a fundamental principle of administrative law that an administrative body possesses only those powers that the legislature grants, and that it cannot exercise authority that it does not possess. *SAIF v. Shipley*, 326 Or 557, 561, 955 P2d 244 (1998). That principle extends to administrative bodies * * * that perform judicial functions. They do not possess the general jurisdictional powers of a court. Instead, their powers are restricted to those conferred expressly by statute or by necessary implication. *Campbell v. Bd. of Medical Exam.*, 16 Or App 381, 391-92, 518 P2d 1042 (1974)." 165 Or App at 612.

Thus, the relevant inquiry is whether the legislature, either expressly or by necessary implication, granted the Board the power to direct a claimant's attorney to comply with a final order and, if so, to what extent. As previously discussed, an attorney is not a party to a proceeding before the Board. ORS 656.005(21); OAR 438-005-0040(11). Nothing in ORS 656.593(1), the statute concerning payment to an insurer of its lien, expressly grants the Board authority to order a nonparty to act. Subsection (1)(d) provides that any dispute between the *worker* and the *insurer* regarding the distribution of a third-party judgment shall be resolved by the Board. Thus, ORS 656.593(1) limits the Board to resolving disputes between the parties. Furthermore, nothing in ORS 656.726, the statute granting the power to the Board to carry out the workers' compensation law, expressly grants the Board authority to order a claimant's attorney to pay money to an insurer.[4] ORS 656.726(5) does grant the Board authority to

---

[1] The legislature knows how to draft a statute making an attorney liable for the debts of a client. For example, ORS 20.160 provides that an attorney for an

make rules that are reasonably required to carry out its duties. However, no Board rule defines an attorney as a party. Thus, there is no express statutory authority for the Board to order claimant's attorney to pay SAIF from the attorney's personal funds.

We next examine whether the Board possesses that authority by necessary implication. The Board does have some authority to enforce its own orders, especially when those orders have become final. What is relevant here is that the Board has the implicit authority to enforce a third-party distribution order. A recent example of that implicit authority is *Legore v. Self-Insured Management Services*, 157 Or App 229, 972 P2d 892 (1998). There, we affirmed a Board order that, to enforce an earlier order awarding the entire proceeds from a third-party settlement to the insurer, directed the claimant's attorney to endorse a third-party settlement check. *Id.* at 231. Significant to the result in *Legore* was the fact that the third-party funds had not yet been disbursed and that the claimant's attorney retained at least partial control, via withholding his endorsement, over the settlement funds. *Id.* at 232. Consequently, the Board's enforcement action in *Legore* was consistent with its express authority to resolve conflicts over the *distribution* of third-party settlement proceeds. In the present instance, the funds at issue were already disbursed and were no longer under the control of claimant's attorney when the Board attempted to enforce its 1991 third-party distribution order. We have never held that the Board has the implicit authority to order a nonparty to make reimbursements from *personal* funds to satisfy a third-party distribution order, and we decline to recognize such authority here. Thus, there is no implied statutory authority for the Board's 1998 order.

We therefore conclude that the Board does not possess the authority to order that claimant's attorney *personally* reimburse SAIF monies due it from the third-party judgment proceeds. Accordingly, we reverse and remand to the Board with instructions to rescind its June 1998 order that

out-of-state plaintiff is personally responsible for paying the statutory costs of the client and if such costs are not paid the attorney can be punished by contempt of court.

required that claimant's attorney personally pay the disputed funds.

Reversed and remanded.