Submitted on remand from the Oregon Supreme Court October 30, 1991, affirmed June 3, 1992

In the Matter of the Compensation of
Marvin C. Wright, Claimant.
## SAIF CORPORATION,
*Petitioner,*

*v.*

Marvin C. WRIGHT,
by and through
Georgia Wright, Personal Representative of
the Estate of Marvin C. Wright, Deceased.
*Respondent.*

(WCB TP-88016; CA A51030)

832 P2d 1238

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David C. Force, Salem, argued the cause for respondent. On the brief were Randy M. Elmer and Vick & Gutzler, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This case is before us on remand from the Oregon Supreme Court. 312 Or 132, 817 P2d 1317 (1991).[1] We take the facts from the Supreme Court's opinion:

"Claimant suffered injuries in a two-car accident in 1984. He filed claims with four employers, contending that he was injured in the course and scope of employment and that at least one of the four was his employer. SAIF received and processed three of the claims, because they involved noncomplying employers. ORS 656.054(1). In June 1985, SAIF denied all three claims, on the ground that claimant was not a subject worker of any of the employers. The fourth purported employer denied the claim on the same ground.

"Also in 1985, claimant filed an action against the other driver who had been involved in the accident. His case against the other driver was settled on January 20, 1986, for $81,960.75. Claimant did not inform SAIF of the settlement, and SAIF was not otherwise aware of the litigation or of the settlement. Thus, SAIF did not consent to the settlement. *See* ORS 656.587 (settlement between worker and third party must have written approval of paying agency); ORS 656.593(3) (claimant may settle third party case with approval of paying agency). The settlement was distributed as follows: $29,869.72 to claimant; $27,243.18 to claimant's lawyers; $24,616.65 for medical expenses; and $231.20 for costs.

"Meanwhile, claimant had appealed the denials of his four claims. After a hearing on January 30, 1986, the referee upheld the denials, on the ground that no employer-employee relationship existed with any of the four purported employers. Claimant appealed to the Board, which found that claimant was a subject worker of one of the three noncomplying employers whose claim had been referred to SAIF for processing. The Board set aside SAIF's denial as to that employer and remanded the claim to SAIF for processing. Thereafter, SAIF paid claims costs of $43,418.82, comprised of temporary total disability compensation ($39,693.35), a permanent disability award ($2,359.45), and medical expenses ($1,366.02).

---

[1] After the Supreme Court's remand, claimant died and the personal representative of his estate was substituted as respondent.

"SAIF first learned of claimant's settlement with the other driver in April 1988, when claimant sought reimbursement for the $24,616.65 in medical bills that had been paid directly to the providers from the settlement. On June 23, 1988, SAIF filed a 'Petition for Distribution' asking the Board for an order that would require claimant to distribute to SAIF $36,324.23 as its 'statutory share' of the third-party settlement, pursuant to ORS 656.593(3). The Board denied the petition on the ground that SAIF was not a 'paying agency' entitled to share in the settlement under ORS 656.593(3), because SAIF had denied the underlying claim. SAIF sought judicial review of the Board's order." 312 Or at 134-35. (Footnotes omitted.)

In our former opinion, we declined to reach the merits of the Board's decision that SAIF was not a "paying agency," because we concluded that, although the Board had jurisdiction over SAIF's petition, it had no authority to grant the relief sought by SAIF[2] and, hence, petitioner's motion to the Board should have been dismissed. Petitioner sought review of our decision.

The Supreme Court concluded that the Board had authority, under ORS 656.593(3), to determine whether SAIF was a "paying agency" under ORS 656.576. On remand, we are instructed to consider the merits of the Board's decision.

Under ORS 656.593(3), a claimant may settle a third-party action with approval of the paying agency, and the paying agency is entitled to share in the distribution of the settlement. ORS 656.576 provides:

"As used in ORS 656.578 to 656.595, 'paying agency' means the self-insured employer or insurer *paying benefits* to the worker or beneficiaries." (Emphasis supplied.)

---

[2] Contrary to what the Supreme Court concluded, we did not hold that the Board lacked authority to determine whether SAIF was a paying agent. We said, apparently incorrectly, that the Board had no authority to grant the specific relief that SAIF requested. We said that the "issues raised by SAIF's motion were, *inter alia*, whether the settlement of the case in the circuit court was void under ORS 656.587; whether SAIF could reach proceeds of the settlement after they had been distributed to medical providers, claimant's attorney and claimant; and whether either SAIF or claimant was estopped to assert the position that they did." 102 Or App at 601.

The Board, citing the present tense expression "paying benefits" in the statute, determined that SAIF is not a "paying agency" under ORS 656.576 because, at the time of the settlement, claimant's claim was in a denied status and no benefits were being paid. The Board interpreted the statute to require actual, present payment of benefits before an agency can qualify as a "paying agency" under ORS 656.576. That interpretation comports with the literal reading of the statute, but SAIF challenges it on the basis that it produces results contrary to the purpose of the third-party recovery statutes.

In *Schlecht v. SAIF*, 60 Or App 449, 456, 653 P2d 1284 (1982), we held that the purpose of the third-party recovery statutes is to allocate whatever a claimant recovers from a third party between the claimant and the paying agency. SAIF argues that that policy would be frustrated if a claimant is entitled to keep all of a third-party recovery in any case in which the recovery is received before the worker's entitlement to benefits is decided.

We disagree. The statutes allocate proceeds from a third-party settlement between the claimant and the entity responsible for the payment of workers' compensation benefits. In a case such as this, where at the time the settlement is reached the issue of compensability is still in dispute, there is no entity paying benefits and there is no certainty that there will be an entity paying benefits in the future. Under these circumstances, the question is not whether the "paying agency" is entitled to share in the settlement proceeds but whether the possibility that an entity may end up paying benefits in the future entitles it to some sort of present interest in a claimant's third-party settlement. The Board considered the question and answered it in the negative. It explained:

> "In [*Raymond Steiner*, 40 Van Natta 381 (1988)], we required the claimant's counsel to hold the remaining balance of a third party recovery in trust, pending a final determination concerning the compensability of the claim. However, there, in contrast to the present situation, at the time of the recovery and proposed distribution, the claim was considered compensable and the paying agency was providing benefits. We consider it a very different proposition to conclude that whenever a possibility remains that a claim in

denied status will ultimately be found compensable, a claimant must hold a third party recovery in trust pending a final resolution of the compensability issue. To do so would require a claimant, who is not receiving workers' compensation benefits, to not only support himself, but also provide for his medical services, without the financial assistance available from the third party recovery."

We agree. An insurer must be paying benefits at the time of the settlement or distribution in order to qualify as a "paying agency" under ORS 656.576.

Affirmed.