Argued and submitted February 7, reversed and remanded for reconsideration
December 14, 1994

In the Matter of the Compensation of
Scott Turo, Claimant.

Scott TURO,
*Petitioner,*

*v.*

SAIF CORPORATION
and Fausett Mine Service, Inc.,
*Respondents.*

(TP-92012; CA A80250)

888 P2d 1043

Steven J. Pierce argued the cause for petitioner. With him on the brief was Pierce & Stoddard.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Claimant seeks review of an order of the Workers' Compensation Board, issued under ORS 656.593, distributing the proceeds of a settlement of a third-party action. He contends that the Board erred by awarding SAIF, the paying agent, reimbursement from the third-party settlement for vocational expenses and payments made to him in satisfaction of a Claim Disposition Agreement (CDA). We reverse and remand for reconsideration.

Claimant sustained a compensable injury to both feet while working as a shaft miner in 1989. SAIF, as insurer for claimant's employer, accepted the claim, provided compensation, and ultimately awarded claimant scheduled permanent disability for each foot.

In October, 1990, SAIF initiated a vocational assistance program for claimant. For about two years, claimant and SAIF engaged in a dispute about the program but claimant did not participate in any vocational program. After several proceedings about this dispute, SAIF and claimant executed the CDA. It provided that the parties agreed to

> "settle claimant's claim for compensation and payments of any kind due or claimed for the past, the present, and the future, except compensable medical services, for the total sum of $15,000."

Claimant received the $15,000 provided in the agreement.

Coincidently with his claim for workers' compensation, claimant pursued a tort action against third parties for his injury. In April, 1992, that action was settled for $220,000. SAIF approved the settlement, ORS 656.593(3), and asserted a lien for $49,151.99 for reimbursement of claim costs under ORS 656.593. Claimant objected, *inter alia*, to reimbursement of about $7,710 for vocational expenses and for the $15,000 payment, pursuant to the CDA. Pursuant to ORS 656.593(3), the Board determined that SAIF was entitled to the full amount claimed.

In his petition for judicial review to this court, claimant only disputes SAIF's entitlement to reimbursement for vocational expenses and CDA payments. ORS 656.593(3) provides:

"A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds as may be just and proper and the worker or the beneficiaries of the worker shall receive the amount to which the worker would be entitled for a recovery under subsections (1) and (2) of this section. Any conflict as to what may be just and proper distribution shall be resolved by the board."

A "just and proper" share of a settlement for the paying agent is an amount equal to or less than what a paying agency would be entitled to receive from a judgment in a third-party action under ORS 656.593(1) and (2). *Estate of Troy Vance v. Williams*, 84 Or App 616, 734 P2d 1372 (1987). In other words, SAIF can receive reimbursement under ORS 656.593(3) only for the types of claim expenditures authorized by ORS 656.593(1)(c).[1]

The latter provision, after describing the types of reimbursable costs includable in the lien, says that the costs "do not include any compensation which may become payable under ORS 656.273 or 656.278."

■ Claimant first argues that SAIF is not entitled to reimbursement for payments made under the CDA, because they are not compensation but are payments in exchange for his relinquishment of future compensation. ORS 656.005(8) provides:

" 'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries * * *."

Under the wording of the CDA, the $15,000 paid to claimant was a lump sum payment of past, present and future benefits of an accepted injury claim. We agree with the Board that the payments are "compensation."

■■ We disagree, however, with the Board's conclusion that the entire $15,000 of CDA payment is reimbursable to SAIF. Under ORS 656.593(1)(c), the paying agent is not entitled to recover "any compensation which may become payable under ORS 656.273 or 656.278." In exchange for the $15,000, claimant released rights to future compensation

---

[1] ORS 656.593(1)(c) has been amended in ways that do not affect the outcome of this case. *See* Or Laws 1993, ch 445, § 1.

under ORS 656.273 and ORS 656.278. The portion of the CDA payment attributable to the release of those benefits is not subject to reimbursement from the proceeds of a third-party action. The Board, in allowing recovery of the full amount of the CDR payment, may have given SAIF recovery for a type of claim cost to which it was not entitled under ORS 656.593(1)(c). The full amount of the payment was not necessarily includable as part of a "just and proper" distribution under ORS 656.593(3). Because the Board, in the first instance, must determine what is a just and proper distribution, we remand for it to reconsider what portion of the CDA payment is properly reimbursable.

■ Claimant also contends that the Board erred in determining that SAIF should be reimbursed for vocational costs it incurred on his behalf. Vocational costs expended on the claim are "expenditures for compensation" and would be lienable under ORS 656.593(1)(c). Claimant nevertheless argues that it is not just and proper to reimburse SAIF for those costs, because SAIF's conduct in managing his vocational assistance actually prevented him from participating in a vocational program. The Board said:

> "Claimant's objections to SAIF's 'vocational' lien primarily center on his dissatisfaction with SAIF's actions or inactions during the development of, and eventual rejection of, a vocational assistance program. Yet, the appropriate forum for consideration of such disputes rests with the Director. *See* ORS 656.340; OAR 436-120-001, *et seq*. In this regard, we note that, on three separate occasions, claimant exercised his right to contest SAIF's conduct regarding the processing of his vocational assistance claim. Each of these requests for administrative review were resolved (one via dismissal order and two via 'Letter of Agreement'). Moreover, claimant entered into a CDA, which provided that claimant was releasing his past, present, and future rights to a number of benefits, one of which was vocational assistance.

> "Inasmuch as claimant chose not to fully pursue the appropriate statutory and administrative avenues for resolution of his vocational assistance disputes and also actually disposed of his past, present, and future vocational assistance rights through the approved CDA, we decline claimant's invitation to prohibit SAIF from receiving reimbursement for its vocational assistance costs which were actually

incurred during the processing of claimant's compensable injury claim."

The Board's decision to allow reimbursement of the vocational costs was proper and within its discretion under ORS 656.593(3).

Reversed and remanded for reconsideration.