Argued and submitted October 14, 2021, affirmed March 2, 2022

In the Matter of the Compensation of
Toni M. Dover, Claimant.

SEDGWICK CMS, INC.
and Workers' Compensation
Division of the Department of
Consumer and Business Services,
*Petitioners,*

*v.*

Toni M. DOVER,
*Respondent.*

Workers' Compensation Board
1900007TP; A174431

507 P3d 793

The Workers' Compensation Division of the Department of Consumer and Business Services (WCD) and Sedgwick Claim Management Services (Sedgwick) petition for judicial review of a third-party order of the Workers' Compensation Board holding that they are not "paying agencies" under ORS 656.576 entitled to seek a share of claimant's settlement proceeds from a third-party tortfeasor. *Held*: Because, as a result of a disputed claim settlement, claimant's claim had been denied as of the time of claimant's settlement with the third-party tortfeasor, the board did not err in concluding that WCD and Sedgwick were not paying agencies entitled under ORS 656.576 to share in the settlement proceeds.

Affirmed.

David P. Levine argued the cause and filed the briefs for petitioner Sedgwick CMS, Inc. Also on the opening brief was Law Office of David P. Levine LLC. Also on the reply brief were Rebecca A. Watkins and SBH Legal.

Robert M. Wilsey, Assistant Attorney General, argued the cause and filed the opening brief for petitioner Workers' Compensation Division Of the Department of Consumer and Business Services. Also on the opening brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General. On the reply brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General.

Randy M. Elmer argued the cause and filed the brief for respondent.

Theodore P. Heus and Quinn & Heus, LLC, filed the brief *amicus curiae* for The Oregon Trial Lawyers Association.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

This case involves petitions for judicial review of a third-party order of the Workers' Compensation Board by the Workers' Compensation Division (the division) of the Department of Consumer and Business Services (the department) and Sedgwick Claim Management Services (Sedgwick).

## INTRODUCTION

Claimant, who sought and received benefits on a workers' compensation claim, settled a separate civil action against a third-party tortfeasor for her injuries. Claimant filed a petition with the board, seeking a third-party order determining that Sedgwick, the assigned claims agent that had paid benefits on the claim, and the division, which had reimbursed Sedgwick from the Workers' Benefit Fund, are not "paying agencies" as defined in ORS 656.576, entitled to be reimbursed from the settlement proceeds. In a third-party order, the board agreed with claimant that Sedgwick and the division are not "paying agencies."[1]

Sedgwick and the division challenge the board's determination. The narrow issue presented on judicial review is whether Sedgwick and the division are "paying agencies" as defined in ORS 656.576, entitled to be reimbursed for workers' compensation benefits Sedgwick paid to claimant while Sedgwick was the assigned claims agent. The facts are undisputed, and the issue is one of law that we review for errors of law. ORS 183.482(8)(a). As explained below, we agree with the board that Sedgwick and the division are not paying agencies entitled to seek reimbursement from the settlement proceeds. We therefore affirm.

## FACTS

We take our summary of the facts, which have a few procedural twists, from the board's order. Claimant was injured in a car accident and filed a workers' compensation claim with her employer, who, after investigation, was determined to be "noncomplying," *i.e.*, not in compliance

---

[1] ORS 656.576 defines a "paying agency" as "the self-insured employer or insurer paying benefits to the worker or beneficiaries."

with the workers' compensation laws. The division assigned the claim for processing to Sedgwick, the state's processing agent for workers' compensation claims against noncomplying employers. *See* ORS 656.054 (requiring the director of the department to refer a claim against a noncomplying employer to an "assigned claims agent" for processing). As the assigned claims agent, Sedgwick was required to process claimant's claim "in the same manner as a claim made by a worker employed by a carrier-insured employer." ORS 656.054(1). Sedgwick accepted the claim and began paying claimant benefits. The division reimbursed Sedgwick from the Workers' Benefit Fund. *See* ORS 656.605 (creating Workers' Benefit Fund and describing uses of fund).

As statutorily permitted, ORS 656.054(1), the employer challenged the determination of noncompliance, the compensability of the claim, and Sedgwick's acceptance. Claimant sought benefits for a new or omitted medical condition, which Sedgwick denied. Claimant requested a hearing on the denial. The matters were consolidated and referred to mediation, and, ultimately, in May 2018, claimant, the employer, Sedgwick, and the division reached a disputed claim settlement (DCS). ORS 656.289(4).[2]

The DCS upheld the division's determination that the employer was noncomplying. In the DCS, the parties agreed that the employer's denial of the claim would be upheld and that Sedgwick's acceptance would be set aside.

_____

[2] ORS 656.289(4) provides that "in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of an Administrative Law Judge, the board or the court, by agreement make such disposition of the claim as is considered reasonable."

The parties' DCS stated that it settled "all issues raised or raisable." The parties agreed that: (1) there is a bona fide dispute as to the compensability of claimant's conditions, including the newly claimed conditions and the previously accepted low back strain; (2) claimant would be paid $14,900 in "lieu of any and all compensation" for the denied conditions; (3) should the ALJ accept the settlement, Sedgwick's acceptance and partial denial would be set aside and the employer's denial of the claimed conditions would be upheld; (4) claimant would withdraw her request for hearing; (5) if claimant challenged the DCS, she would be required to return the proceeds of the DCS and the case would return to the status quo ante; and (6) division and Sedgwick remained entitled to all liens resulting from the payment of benefits to claimant. Under the DCS, the employer agreed to reimburse the department for the settlement proceeds, "together with all appropriate claim costs, administrative charges, and attorney fees incurred by Sedgwick in processing the claim and settlement[.]"

Claimant would be paid $14,900 in "lieu of any and all compensation" for the denied conditions. As noted, Sedgwick, which had accepted the claim, had paid claimant benefits up to time of the signing of the DCS, and the division had reimbursed Sedgwick from the Workers' Benefit Fund. In the DCS, the employer agreed to reimburse the division for amounts it had reimbursed Sedgwick. The DCS stated that the division and Sedgwick remained entitled to all liens resulting from the payment of benefits to claimant.[3] The DCS concluded with the statement that "nothing in this document affects or impairs any rights or remedies of the [department/division], [Sedgwick], or the employer, specifically those arising under ORS 656.576 to 656.595, except as expressly stated in this agreement." An administrative law judge approved the DCS, and it became final.

Over a year later, in November 2019, claimant sought to settle a separate civil action for her injuries that she had brought against a third-party tortfeasor. She filed a petition for a third-party order determining that, despite the DCS's reservation of "statutory rights," Sedgwick had no statutory right to share in the settlement proceeds. Sedgwick asserted that, as an assigned claims agent that had accepted the claim and paid benefits, it was entitled to enforce a lien on the settlement proceeds for benefits paid to claimant in processing the claim. The division similarly sought to be compensated for amounts it had reimbursed Sedgwick. *See* ORS 656.593(4) (defining division as a "paying agency" for amounts paid to another paying agency). Claimant objected, asserting that Sedgwick was not a paying agency, as the term is defined in ORS 656.576.

---

[3] The DCS provided that division and Sedgwick

"remain entitled to all liens against any recovery made now or in the future against the non-complying employer or a third party alleged at fault for damages from this injury/claim, and for all sums appropriately paid by [the division/department] and Sedgwick CMS including all sums paid prior to this Stipulation and DCS and all sums paid after this Stipulation and DCS and expressly including all sums paid per this Stipulation and DCS, regardless of whether the denial is upheld as per this agreement. Thus all liens arising out of this claim against the noncomplying employer or alleged at fault third party are preserved and are not waived by this Stipulation and Disputed Claim Settlement."

The board agreed with claimant. In its third-party order, although the board acknowledged Sedgwick's initial acceptance of the claim and payment of benefits and the parties' reservation of rights in the DCS, the board concluded that Sedgwick and the division did not qualify as paying agencies under the statutes, because of the DCS, under which the claim was no longer compensable. In reliance on *SAIF v. Wright*, 113 Or App 267, 832 P2d 1238 (1992), and the board's own subsequent caselaw, the board reasoned that an insurer is a paying agency only when, at the time of the worker's settlement with the third party, the insurer is paying benefits on a compensable claim. Because, as ultimately agreed in the DCS, claimant's claim was not compensable, and because Sedgwick was not paying benefits to claimant at the time she settled her tort action, the board reasoned, Sedgwick was not a paying agency.

Sedgwick and the division seek judicial review, asserting that the board has misinterpreted the relevant statutes. The petition thus presents a question of statutory construction, which we analyze under the methodology described in *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009), and *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993).

## STATUTORY OVERVIEW

We begin with a statutory overview. Every employer subject to the Workers' Compensation Act is required to maintain insurance and proof of insurance for the work-related injuries of its employees. ORS 656.017. An employer who fails to do so is "noncomplying" and is subject to civil penalties as well as to claims by the injured worker. ORS 656.017; ORS 656.020; ORS 656.052; ORS 656.735. A worker who is injured during employment with a noncomplying employer is entitled to the same benefits as a worker whose employer is in compliance with the statutes. ORS 656.054.

When an injured worker files a claim against a noncomplying employer, the department appoints an "assigned claims agent." ORS 656.054(1). An "assigned claims agent" is "an insurer, casualty adjuster or a third party administrator with whom the director contracts to manage claims

of injured workers of noncomplying employers." ORS 656.054(9). Sedgwick was the assigned claims agent on claimant's claim. It was obligated to process claimant's claim in the same manner as any other claim. ORS 656.054(1). As noted, Sedgwick accepted claimant's claim and began paying benefits.

Generally, a worker's remedies for a compensable injury are exclusively under the Workers' Compensation Act. ORS 656.018.[4] When, however, a worker's injury is asserted to have been caused by the negligence or wrong of a third party, ORS 656.154 provides that the worker "may elect to seek a remedy against such third person." The process relating to third-party claims is set out in the "third-party law," ORS 656.576 through ORS 656.596. If a compensable injury is asserted to be due to the negligence or wrong of a third person, entitling the worker to seek a remedy against the third person under ORS 656.154, the worker is required to elect whether to pursue a third-party action. ORS 656.578.[5]

If a worker's injury entitles the worker to bring a claim against a third party, the "paying agency" has a lien against the cause of action, ORS 656.580(2), as provided in ORS 656.591 (describing effect of a worker election not to bring a third-party action) or ORS 656.593 (describing procedures when a worker elects to bring a third-party action). A "paying agency" is defined in ORS 656.576 as "the self-insured employer or insurer paying benefits to the worker or beneficiaries."

ORS 656.593 describes the procedures when a worker elects and seeks recovery from a third party. When

[4] ORS 656.018 provides:

"The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment that are sustained by subject workers[.]"

[5] ORS 656.578 provides, in part:

"If a worker of a noncomplying employer receives a compensable injury in the course of employment, or if a worker receives a compensable injury due to the negligence or wrong of a third person (other than those exempt from liability under ORS 656.018), entitling the worker under ORS 656.154 to seek a remedy against such third person, such worker or, if death results from the injury, the other beneficiaries shall elect whether to recover damages from such employer or third person."

a worker recovers "damages," ORS 656.593(1) provides that the damage proceeds are subject to a lien of the paying agency for the paying agency's share:

> "The proceeds of any damages the worker or beneficiaries recover from an employer or third person are subject to a lien of the paying agency for the paying agency's share of the proceeds as set forth in this section."[6]

ORS 656.593(1).

When the worker settles an action against a third party with the paying agency's approval, ORS 656.593(3) provides that the paying agency may accept a share of the settlement proceeds "that is just and proper." Thus, unlike the proceeds of damages under ORS 656.593(1), the proceeds of a settlement are not subject to a paying agency's lien. Rather, the paying agency is limited to accepting a "just and proper" amount of the settlement proceeds in satisfaction of its lien.[7]

Sedgwick points out that, as an assigned claim agent, it is defined as an "insurer." ORS 656.005(14). And it is undisputed that, after it accepted the claim and until

---

[6] ORS 656.593(2) describes how the proceeds of damages are to be distributed:

"(a) Costs and attorney fees incurred must be paid, and the attorney fees may not exceed the advisory schedule of fees established by the Workers' Compensation Board for such actions.

"(b) The worker or the beneficiaries of the worker must receive at least 33-1/3 percent of the balance of the recovery.

"(c) The paying agency must be paid and retain the balance of the recovery, but only to the extent that the paying agency is compensated for the paying agency's expenditures for compensation, first aid or other medical, surgical or hospital service, and for the present value of reasonably expected future expenditures the paying agency makes for compensation and other costs of the worker's claim under this chapter. * * *

"(d) The balance of the recovery must be paid to the worker or the beneficiaries of the worker forthwith. The board shall resolve any conflict as to the amount of the balance that the paying agency may retain.

"(2) The amount the worker or the beneficiaries of the worker retain must be in addition to the compensation or other benefits to which the worker or beneficiaries are entitled under this chapter."

[7] The worker's share of the settlement proceeds is to be based on the amount to which the worker would be entitled under ORS 656.593(1) from the proceeds of a damages award. ORS 656.593(3). The paying agency's "just and proper" share, in turn, is an amount equal to or less than what a paying agency would be entitled to receive from a judgment in a third-party action under ORS 656.593(1). *Turo v. SAIF Corp.*, 131 Or App 572, 575, 888 P2d 1043 (1994).

entry of the DCS, Sedgwick paid compensation to claimant. On that basis, Sedgwick CMS and the division assert on judicial review that they are paying agencies as defined in ORS 656.576 and entitled to assert a lien under ORS 656.593 for amounts paid.

## ANALYSIS

As noted, in rejecting the division and Sedgwick's assertion that they are paying agencies, the board relied in part on *Wright*, which provided an interpretation of ORS 656.576, the statute defining "paying agency." In *Wright*, the claim had never been accepted and was in denied status pending litigation at the time the claimant received a third-party settlement. SAIF, the insurer, sought to assert a lien as a paying agency for amounts it might be required to pay should the claim be determined, through litigation, to be compensable. 113 Or App at 269. SAIF had not paid benefits on the claim, and there was no certainty that SAIF would be required to pay benefits in the future. *Id.* at 271.

We disagreed with SAIF's contention that it should nonetheless be entitled to a lien on the claimant's settlement proceeds for its possible future obligation to pay benefits. We cited our opinion in *Schlecht v. SAIF*, 60 Or App 449, 456, 653 P2d 1284 (1982), in which we said that the legislature's purpose in enacting ORS 656.593 "is to allocate *whatever* the claimant recovers between him and the paying agency and *to provide reimbursement to those responsible for statutory compensation* of injured workers when damages or settlements are obtained against the persons whose acts caused the injuries." (First emphasis in original; second emphasis added.). We said that "[the third-party statutes] allocate proceeds from a third-party settlement between the claimant and the entity responsible for the payment of workers' compensation benefits." *Wright*, 113 Or App at 272. In rejecting SAIF's contention that it was a paying agency, we concluded our opinion in *Wright* with the statement that ORS 656.576 requires that, to qualify as a paying agency, "[a]n insurer must be paying benefits at the time of the settlement or distribution." *Id.*

Since *Wright*, the board has understood that a paying agency is an insurer or self-insured employer responsible

for paying benefits on a compensable claim at the time of the claimant's settlement with the third party. The board concluded here that, as a result of the DCS, Sedgwick was no longer responsible for paying benefits, and, therefore, that Sedgwick and, by extension, the division, were not paying agencies.

Sedgwick and the division point out that *Wright* is distinguishable on its facts and contend that it should not control the outcome here. They are correct that the case is factually distinguishable. In *Wright*, the claim had been denied and was still in litigation. No benefits were owing and no benefits had been paid. *Id.* at 269. The claimant then recovered a third-party settlement, and SAIF sought to have a share of the third-party settlement under ORS 656.593. Under those circumstances, we concluded that SAIF was not a paying agency entitled to seek a share of speculative future benefits. As Sedgwick points out, we did not have before us in *Wright*, nor address, the issue presented here, whether an insurer that has previously paid benefits on an accepted claim may seek to be reimbursed as a paying agency if, before the third-party settlement, the claim is denied and finally determined not to be compensable.

But although *Wright* is distinguishable on its facts, as we explain below, *Wright*'s holding, that a paying agency is the entity "responsible for the payment of workers' compensation benefits," and that an insurer that has denied a claim is not a paying agency, *Wright*, 113 Or App at 271, is consistent with the third-party law statutory scheme, which we conclude contemplates that, at the time of settlement, the "paying agency" is "paying benefits"—that is, it is responsible for paying benefits under ORS chapter 656 on a compensable claim.

As an initial matter, we note that ORS 656.576 to 656.596 do not explicitly state that the third-party law applies only to compensable claims or that an insurer that has denied a claim cannot be a paying agency if it has paid compensation. It is tempting, therefore, to be persuaded by Sedgwick and division's view that an insurer that has paid compensation on a claim that was at one time accepted, but that is in denied status at the time of a third-party

settlement, is nonetheless entitled to share in a claimant's third-party settlement proceeds. But our understanding of the third-party law is that it exists as an exception to the exclusivity of the workers' compensation law with respect to *compensable* injuries. The third-party law applies to compensable claims. Thus, ORS 656.578 requires that a worker who has suffered a compensable injury as a result of the negligence of a third party elect to recover damages from the negligent third party. Indeed, a paying agency may *compel* an injured worker to make such an election, ORS 656.583(1). If the worker elects not to proceed with a third-party action, then the paying agency may pursue the action. ORS 656.591. And, if no election is made, the worker "is deemed to have assigned the cause of action to the paying agency." ORS 656.583(2). That is because the paying agency, as the entity obligated to continue to pay workers' compensation benefits on a compensable claim, has an interest in a potential third-party recovery. If an injury or occupational disease is not compensable, then no insurer is "paying benefits," no insurer has an interest in a third-party action, and the third-party law is not applicable; in such a case, a claimant's recovery or settlement is not subject to the third-party law.

Our conclusion is consistent with the statutory text within the third-party law. In setting forth the definition of "paying agency," ORS 656.576 states that it defines the term "[a]s used in ORS 656.578 to 656.595"—the provisions of the third-party law. Thus, a paying agency is an entity that exists in the context of the third-party law. At the risk of repetition, we state again that a third-party action is one brought to recover damages for injuries that are compensable. Thus, as the board held, the definition of "paying agency" implicitly contemplates a compensable claim.

Additionally, the definition requires that the self-insured employer or insurer be *paying benefits* to the worker or beneficiaries. Indeed, in *Wright*, we noted the present tense of the term "paying benefits." We construed the statute to require that the insurer must be "paying benefits" at the time of the settlement. 113 Or App at 272. By "paying benefits," we did not hold that the statute means that the

insurer literally must be making payments to the worker at the time of settlement; rather, the insurer must be responsible for paying benefits to the worker on a compensable claim. We adhere to our holding in *Wright*.

Other provisions of the third-party law are consistent with that conclusion. ORS 656.587 requires that a paying agency approve any compromise of a worker's third-party action. If the claim is not compensable, then the action is not a third-party action, and no approval is required.

If a claimant elects not to bring a third-party action, and the paying agency pursues the negligent tortfeasor, ORS 656.591 requires the paying agency to pay the claimant the proceeds of any recovery in excess of

"the expenses the paying agency incurred in making the recovery and the amount the paying agency expended for compensation, first aid or other medical, surgical or hospital service, together with the present value of the monthly payments of compensation to which the worker or other beneficiaries may be entitled under [ORS chapter 656]."

ORS 656.591 thus allows the paying agency to estimate future benefits to which the worker is entitled and contemplates that the paying agency remains responsible for paying compensation under ORS chapter 656.

ORS 656.593 describes the distribution of damages or settlement proceeds when the worker has elected to pursue a third-party action. Although, like ORS 656.591, ORS 656.593 does not explicitly limit those entitlements to insurers of claims that are being processed as compensable, that is implicit in the statute's allowance of recovery "of the present value of reasonably expected future expenditures the paying agency makes for compensation and other costs of the worker's claim under [ORS chapter 656.]."

Like ORS 656.591, ORS 656.593 contemplates that the paying agency remains responsible for paying the worker benefits under ORS chapter 656. That understanding is reinforced by ORS 656.593(6), which provides that, if a worker recovers damages or a settlement of $1 million or more, the worker may release the paying agency from further liability on the claim, "thereby canceling the lien of the

paying agency as to the present value of the paying agency's reasonably expected future expenditures for workers' compensation recovery."

Thus, we conclude that the third-party statutes, understood together, require that a paying agency is an insurer that is responsible for paying benefits on a compensable claim at the time of settlement with a third-party tortfeasor.[8]

We recognize that the unique posture of this case makes it susceptible to the argument, made by Sedgwick and the division, that Sedgwick is a paying agency because benefits have been paid. But we reject that construction. Sedgwick would have been a paying agency had the claim not been denied and Sedgwick remained responsible for paying benefits. But when Sedgwick denied the claim through the DCS, it was freed from its responsibility to pay benefits under the Act and also lost its right under the third-party law to seek reimbursement from a third-party settlement as a paying agency. The reservation of rights that the parties included in the DCS was essentially ineffectual, because, as we have explained and as we held in *Wright*, an insurer that has denied a claim at the time of settlement is not a paying agency and does not have any statutory right to share in settlement proceeds.

## CONCLUSION

A paying agency's right to share in settlement proceeds of a third-party action under ORS 656.593(3) depends on it being a "paying agency" at the time of settlement. Although Sedgwick initially accepted the claim and paid claimant benefits, Sedgwick's denial of claimant's claim meant that Sedgwick and the division were not paying agencies under ORS 656.576 at the time of settlement. Thus,

---

[8] The third-party law also protects an insurer's right to recover proceeds on a third-party claim, if, at the time of the worker's recovery of damages from a third-party tortfeasor, the worker has not yet filed a workers' compensation claim. In that circumstance, ORS 656.596 provides that the "the amount of the damages shall constitute an offset against compensation due the worker or beneficiaries of the worker for the injuries for which the recovery is made to the extent of any lien that would have been authorized by ORS 656.576 to 656.596 if a workers' compensation claim had been filed and accepted at the time of recovery of damages."

Sedgwick and the division were not entitled to seek reimbursement under ORS 656.593 from settlement proceeds for compensation paid to claimant. We therefore affirm the board's order.

Affirmed.